**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **Andrew Davis, individually and on behalf of other similarly situated individuals,** | : : : : | **CIVIL ACTION NO.:** |
| Plaintiff, | : : | **COLLECTIVE ACTION COMPLAINT** |
| V. | : : | |
| **Target Corporation,** | : : | |
| Defendant. | | |

## INTRODUCTION

1. Retail employers must pay overtime to their assistant managers unless their primary duty is management. 29 C.F.R. § 541.100. "[I]f the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register … are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement." 29 C.F.R. § 541.700(c).

2. Defendant Target Corporation ("Target"), assigns non-management work to its Executive Team Leaders ("ETLs") which generally takes up more than 50% of their time, closely supervises their work, and pays them only a little more than its non-exempt employees. It schedules them to work 47.5 hours or more each week, but schedules so few hourly staff that in fact they regularly work 50-60 hours per week. Target classifies all of its ETLs as exempt "executives" and does not pay them overtime.

3. This action is brought by Plaintiff for himself and on behalf of other similarly

situated ETLs at Target stores across the country.

4. Target has misclassified Plaintiff, and other ETLs in these positions, as exempt under federal and state overtime laws and has failed to pay them overtime pay for hours worked beyond forty (40) in a workweek.

5. Plaintiff alleges, on behalf of himself and other similarly situated current and former ETLs who have worked at Target at any time from January 17, 2017 to the date of final judgment in this action and who elect to opt into this action (the "FLSA Collective"), that they are entitled to: unpaid wages from Defendant for all overtime hours worked by them as required by law, liquidated damages, attorneys' fees and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because Defendant resides and conducts business in this District and because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

## THE PARTIES

8. Plaintiff Andrew Davis is an individual residing in the state of Connecticut. He worked as Executive Team Lead from March 7, 2016 to May 1, 2018 at Defendant's Trumbull, Connecticut and Ansonia, Connecticut stores.

9. Defendant, Target Corporation, is a corporation organized and existing under the laws of the state of Minnesota. Its principal place of business is located at 1000 Nicollet

2

Mall, Minneapolis, MN.

10. Defendant owns and operates retail department stores throughout the United States, including Connecticut.

11. Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant employed Plaintiff and all other ETLs in the states in which they work.

## STATEMENT OF FACTS

12. Defendant have approximately 1,868 stores located across the country, including stores in Connecticut.

13. Defendant employs "ETLs" in all of its stores nationwide.

14. Although there are categories of ETLs that focus on different areas, the basic duties of an ETLs are similar.  An ETL's primary duty is to perform mostly the non-exempt labor of the stores in which they work, including unloading trucks, unpacking merchandise, filling on-line orders, stocking shelves, customer service and operating cash registers.

15. Target classifies all ETLs as exempt from overtime and pays them a flat weekly salary and does not pay them overtime compensation for the hours they work over 40 in a week.

16. Target set payroll budgets for each store each week.  Target tracks each store's payroll each week and each month to determine if that store was keeping its payroll under the budget it set.  Each store is required to use its ETLs to do hourly work in order to meet its payroll budget obligations.

17. All Target stores are headed by a Store Team Lead.  ETLs report to the Store

Team Lead along with other employees in the stores who are paid on an hourly basis, including Senior Team Leads and Team Leads.

18. Target uses cost-saving practices designed to minimize hourly payroll expenses. One practice is to send hourly associates home before the end of their shifts and to refrain from replacing associates when they fail to show up for work. Target then requires the ETLs to finish the hourly tasks of the hourly associates who had been scheduled but were sent home early or not replaced.

19. Defendant requires all ETLs to report directly to a Store Team Lead, who is the real management authority of the store.

20. Defendant usually schedules ETLs to work 47.5 hours per week but ETLs frequently work over 50 hours per week.

21. Defendant set payroll budgets for their stores that are so low that there is not enough hourly staff available to allow the ETLs to spend most of their time managing. For this and other reasons, Defendant usually requires ETLs to work more than the 47.5 hours that they were scheduled to work.

22. Defendant closely monitors the work performed by ETLs to ensure compliance with corporate directives. Store Managers monitor the work ETLs perform each day and measure the performance of ETLs each year in evaluations which reflect how closely the ETLs work performance adheres to Target's expectations.

23. Defendant uses common performance measurement standards to measure the performance of ETLs.

24. Target uniformly trains its ETLs through common training materials.

25. Defendant classifies all ETLs as exempt from the overtime requirements of FLSA regardless of store location, sales volume, store size, climate, prior or current experience, number of ETLs or other employees in a store, , the shift they worked, or other factors.

26. The job descriptions for each ETL position are similar, regardless of the store location, store size, sales volume, staffing levels, or any other material factor.

27. Defendant posts job openings on the internet which describe the duties of ETLs. Each posting, no matter where the job is located, indicates that they expect ETLs to perform manual labor including "[s]can, handle and move merchandise efficiently and safely, including frequently lifting or moving merchandise up to 15 pounds and occasionally lifting or moving merchandise up to 40 pounds.   Accurately handle cash register operations."

28. While Defendant assigns some management duties to ETLs, those duties are routine, and are closely and directly supervised by their superiors.  ETLs are not given significant discretion to manage and their management work is not more important than their non-management work.

29. ETLs do not spend most of their time on exempt tasks.  Instead, most of their time is spent performing non-exempt duties, such as unloading freight, stocking shelves, filling on-line orders, ensuring that the merchandise was arranged according to company standards, performing recovery, counting inventory, and organizing the store.

30. The non-exempt duties that ETLs perform are more important to the Defendant' business model than the exempt duties that they are required to perform.

31. Defendant closely and directly supervises ETLs through periodic inspections,

audits and annual reviews. Store Team Leaders also inspect ETL work on a daily basis.

32. Defendant pays the ETLs only a little more than the hourly workers in the stores, if those workers worked the same number of hours that the ETLs did, overtime included.

33. Defendant classifies their ETLs as exempt executives in conscious disregard of the facts and the law. Defendant has, at all times, been fully aware that the primary duty of the ETLs is not management and that the law does not permit employers to classify employees as exempt executives unless their primary duty is management. Defendant is also aware that ETLs work more than 50 hours per week without overtime pay.

34. In fact, Plaintiff Andrew Davis usually worked over 50 hours per week during the period of this claim but did not receive overtime pay. For example, during the workweek ending April 21, 2018, Plaintiff Davis worked approximately 50 hours that week but was paid a flat salary and was not paid any additional compensation for his overtime hours.

35. Notwithstanding this knowledge, Defendant classified Plaintiff and all ETLs as exempt executives in conscious disregard of their right to be paid overtime pay.

36. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated ETLs have suffered damages in that they have not received proper compensation.

## THE NATIONWIDE COLLECTIVE ACTION

37. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

38. Pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act, Plaintiff files this action on behalf of himself and all other similarly situation. The putative FLSA

Collective is defined as follows:

> **All persons who worked as Executive Team Leaders for Defendant around the country at any time since three years prior to filing this Complaint.**

39. Plaintiff and the other ETLs are similarly situated in that they are all subject to Defendant's common plan or practice of designating them as exempt from the overtime requirements of FLSA, when in fact their work is not exempt and when Defendant knew that ETL"s were worked overtime hours.

## CAUSES OF ACTION

**COUNT ONE:     FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201,** *et seq.*

40. The FLSA, 29 U.S.C. § 207 requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

41. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without overtime compensation.

42. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

43. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the others similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with

this claim.

44.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the putative FLSA Collective, prays for judgment against Defendant as follows:

A.      Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.      A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C.      A finding that Defendant violated the overtime provisions of the FLSA;

D.      Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E.      An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F.      An award of attorneys' fees and costs incurred in prosecuting this action;

G.      Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H.      For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

Respectfully submitted,

Dated: February 11, 2020                      Andrew Davis, individually and on behalf

of other similarly situated individuals

By: /s/ Rachhana T. Srey
Rachhana T. Srey, MN Bar # 340133
**NICHOLS KASTER, PLLP**
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com


By: /s/ Richard E. Hayber
Richard E. Hayber*
**Hayber, McKenna & Dinsmore, LLC**
750 Main Street, Suite 904
Hartford, CT 06103
Fed Bar No.: ct11629
(860) 522-8888 telephone
(860) 218-9555 facsimile
rhayber@hayberlawfirm.com


*Pro hac vice application forthcoming*