## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TAMMY BABBITT and WILLIAM CARTER, individually and on behalf of other similarly situated individuals,<br><br>   Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>   Defendant. | Case No. 20-cv-00490-DWF-ECW |

## DECLARATION OF DAVID ROTH IN SUPPORT OF PLAINTIFFS' MOTION FOR DISCOVERY PURSUANT TO RULE 56(d)

I, David A. Roth, declare under the penalty of perjury and state as follows:

1. I am a partner at Hepworth, Gershbaum and Roth, LLP ("HGR"), along with co-counsel, I represent Tammy Babbitt and William Carter together with the Opt-in Plaintiffs ("Plaintiffs") in the above-captioned case. I submit this Declaration in Support of Plaintiffs' Motion for Discovery Pursuant to Rule 56(d) in response to Defendant's Motion for Summary Judgment as to Plaintiff Tammy Babbitt.

2. Because district courts in this Circuit – indeed, in other Circuits as well – typically proceed with a two-phased approach to FLSA collective action cases, Plaintiffs negotiated with Defendant's counsel to ensure timely consideration of the issue of notice by focusing first-phase discovery in this matter on conditional certification issues.

3. These understandings between the parties were detailed in their Joint Rule 26(f) Report ("Joint Report") filed on March 26, 2021. Dkt. No. 38.

4. The parties' Joint Report clearly details that the parties agreed to a scheme that would provide for an early motion for notice, however, there was a disagreement as to whether *any discovery* should occur prior to the filing of Plaintiffs' conditional certification motion. *See* Dkt. No. 38 at 3 ¶ 1.

5. Plaintiffs advanced the notion that no further discovery was needed beyond the written discovery already served on the named Plaintiffs and that no further discovery should occur in advance of Plaintiffs' motion for conditional certification.

6. Defendant objected only insofar as they wanted to be permitted to conduct discovery to be used in response to Plaintiffs' motion for conditional certification. *See* Dkt. No. 38 at 3 ¶ 1, 3.

7. In the parties' Joint Report, they specifically asked the Court to adopt a scheduling order where "all dispositive motions [are] filed and served (and heard, depending on District Judge assigned) on or before <u>one month following the close of</u> Phase 2 <u>fact discovery (service date)</u>." *Id.* at 9 (underlining in original).

8. On March 29, 2021, the Court held a conference with the parties to discuss a potential scheduling order and course for first phase discovery. At issue was the quantum of discovery that Defendant could take during first phase.

9. Although there is no transcript of the conference, I distinctly remember that Plaintiffs stated that dispositive motions would not be filed during the first phase of the litigation – which Defendant did not contradict or contest. Had Defendant stated

that there would be a summary judgment motion during the first phase of litigation then we would have asked for a briefing schedule and additional discovery at the conference.  Nor we suspect would the Court have limited discovery in the fashion that it did.  Again, Plaintiffs were clear that, in fact, Plaintiffs would not be requesting any first phase discovery at all.

10. Plaintiffs only aim, as stated in the Joint Report was to brief the issue of conditional certification and get a decision on notice as early as possible.[1]  Defendant, for its part, only advocated for limited discovery aimed at opposing Plaintiffs' motion for notice.  This position is confirmed by the parties' Joint Report.

11. Nether party requested the type fulsome discovery required to prepare a record for summary judgment.  Nor was discovery of this kind ordered by the Court.

12.  When the Court issued its scheduling order on April 8, 2021 (Dkt. No. 44), which is tellingly entitled Pretrial Scheduling Order (Phase One), (the "Order"), Plaintiffs' impressions were further solidified.  The Court set no date for the filing of dispositive motions, indicating that such an application was not intended to be served in the first phase of this case by either party.

13. Not only does the Order not include a dispositive motion deadline, it did not address the topic of dispositive motions or summary judgment at all.  Similarly, the

---

[1] Notwithstanding that first-phase discovery was undeniably limited by agreement to materials related to conditional certification, Defendant nevertheless produced vast, amounts of unsolicited and substantively irrelevant materials.  Defendant even went so far as to mail documents, such as paystubs and personnel files, *directly to the homes* of certain Plaintiffs.  At the conference, Plaintiffs reiterated that these documents were not requested and were not relevant to Plaintiffs' notice for conditional certification.

Order limited the discovery to be taken to include only the deposition of six (6) opt-ins for four (4) hours each, five interrogatories and five (5) requests for production of documents for six (6) of the opt-ins not being deposed. *See* Dkt. No. 44 at 3.

14. Defendant seeks to treat this as an oversight rather than the purposeful omission of a motion that was not intended for the conclusion of Phase One discovery, as it would have required a very different discovery schedule.

15. The Court's Order "incorporates [the parties'] agreement as to first phase discovery" including the parties' recommendation that dispositive motions be filed after the second phase, and ordered that second phase discovery would take place after the "Court rules on the Section 216(b) Motion." *Id.*

16. In fact, the Court directed that the parties meet and confer on a second phase schedule only after the Court's ruling on the 216(b) motion. *Id.*

17. Again, the Court's purposeful Phase One Order provided only for limited, expedited discovery to facilitate a prompt motion for notice – not for the creation of a robust discovery record upon which to base summary judgment.  It is undisputed that Plaintiffs have taken no discovery whatsoever in the case to date.  All the discovery has been either taken by Target (six depositions) or was documentary material that Target voluntarily cherry-picked and sent to Plaintiffs' counsel.

18. When Defendant filed its motion, counsel for Plaintiffs contacted Defendant's counsel and asked that the motion be withdrawn until the conclusion of the second phase of discovery.  Defendant refused and in response stated that they

attribute Plaintiffs' belief concerning dispositive motions to be an inaccurate understanding of their proposed Joint Report.

19. Simply put, Defendant's position, directly contradicts the Joint Report signed by both parties, the discussions with the Court at the pre-trial conference, and the Order issued by this Court.

20. Plaintiffs diligently conducted Phase One discovery in accordance with its interpretation of the Court's Order and with every intention of conducting discovery on the merits of Ms. Babbitt's claims during the second phase of discovery.

21. Based on the case law and our experience litigating (including the trial of) retail chain store misclassification collective action cases, Plaintiffs intend to conduct full discovery, including document requests, interrogatories, 30(b)(1) and 30(b)(6) deposition(s) covering, *inter alia*, the following areas during the second phase of discovery:

- Plaintiffs' primary duties, the nature of those duties;
- The discretion exercised in the performance of Babbitt's duties, including frequency and restraints on same;
- The identity and contact information for all individuals that worked with Ms. Babbitt as well as those in a supervisory position to Ms. Babbitt;
- The method by which in store work was generated and assigned;
- All documents that dictate in store merchandise display, together with deadlines for completion including but not limited to store plans, aisle maps, planograms, store planners, presentation sets/guides, presentation guides, transition guides, and red wire;
- All documents which relate to in-store employee efficiency and require Plaintiffs to ensure the prompt completion of various manual work to meet corporate set deadlines including but not limited to pull time reports, and green block completion.

- The time spent by Babbitt on supervisory verse non-supervisory tasks;
- The relative importance of Babbitt's managerial duties as compared with other types of duties;
- Babbitt's relative freedom from supervision;
- The steps that Target took to ensure that such classification was in compliance with the FLSA;
- Labor budgets and payroll allocations for Target's stores; and
- "Pull times" and tie reports both of which detailed required manual work assigned by corporate and held the stores accountable for production efficiencies.

22. As originally contemplated by the scheduling report Plaintiffs anticipate serving discovery requests which would elicit this information following the Court's determination on Plaintiffs' motion for conditional certification.  Plaintiffs respectfully request that this Court deny Defendant's motion for summary judgment and reiterate that the aforementioned merits discovery should be conducted pursuant to the scheduling order, following the Court's determination on Plaintiffs' motion or conditional certification.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate.

Dated: November 5, 2021
New York, New York

_s/ David A. Roth_____
David A. Roth