UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tammy Babbitt[1] and William Carter, individually and on behalf of other similarly situated individuals,

Plaintiffs,

v.

Target Corporation,

Defendant.

Civil No. 20-490 (DWF/ECW)

MEMORANDUM
OPINION AND ORDER

## INTRODUCTION

This matter is before the Court on Defendant Target Corporation's ("Target") objection to the Magistrate Judge's order dated April 5, 2022[2], granting Plaintiffs' motion for conditional certification (Doc. No. 158, "the Order"). (Doc. No. 160.) For the reasons set forth below, the Order is affirmed.

## BACKGROUND

The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's order and is incorporated by reference. Plaintiffs Tammy Babbitt and William Carter brought this action against Target on behalf of themselves and similarly situated current and former Target

---

[1] The correct spelling appears to be "Babbitt," not "Babbit," so the Court will use the correct spelling.

[2] The Order was originally dated March 28, 2022 (Doc. No. 155) and then amended on April 5, 2022.

Executive Team Leaders ("ETLs") to recover overtime pay under the Fair Labor Standards Act ("FLSA").  Plaintiffs allege that Target has misclassified ETLs in violation of the FLSA.   (Doc. No. 1 ("Compl.") ¶ 4-5.)

The FLSA authorizes similarly situated employees to bring collective actions against their employer for unpaid overtime pay.  29 U.S.C. § 216(b).  To become party to an FLSA collective action, an employee must opt-in, meaning that each prospective member of the collective must give "consent in writing" to the Court.  *Id.*  Courts can facilitate the opt-in process by conditionally certifying a class and authorizing court-supervised notice to potential opt-in plaintiffs.  *Saleen v. Waste Mgmt. Inc.*, 649 F. Supp. 2d 937, 939 (D. Minn. 2009).

Plaintiffs moved to conditionally certify the collective of ETLs who worked for Target on or after July 20, 2018, and the Magistrate Judge granted Plaintiffs' motion.  Target objects to the conditional certification, arguing that the Magistrate Judge (1) applied the wrong standard; (2) failed to consider Target's evidence; and (3) erroneously concluded that Plaintiffs provided a colorable basis that the putative class members are victims of a single decision, policy, or plan.

## DISCUSSION

I. **Legal Standard**

The parties dispute which legal standard applies in this case.  Target asserts that a motion for conditional certification of a collective action under the FLSA falls outside of a magistrate judge's authority because the motion involves the "maintenance of a class action."  *See* 28 U.S.C. § 636(b)(1)(A).  For that reason, Target argues that the Court

should review the Magistrate Judge's decision *de novo*. *See id.*; D. Minn. LR 72.2(b). Plaintiffs disagree, noting that a collective action is different than a class action. Thus, Plaintiffs assert, a magistrate judge may properly determine conditional certification and the order may not be overturned unless clearly erroneous or contrary to law.

"The Eighth Circuit has not spoken on the issue of whether deciding motions for conditional certification under the FLSA falls within a magistrate judge's authority." *Norris v. Bluestem Brands, Inc.*, No. 16-cv-3954, 2018 WL 1972473, at *5 (D. Minn. Apr. 26, 2018). And this district has ruled inconsistently on the issue. *Compare Saleen*, 649 F. Supp. 2d at 943 (concluding that the magistrate judge's order denying conditional certification was a non-dispositive pretrial matter), *with Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1011 (D. Minn. 2007) (applying *de novo* review of the magistrate judge's order granting the plaintiff's motion for conditional certification).

The Supreme Court has emphasized the distinction between class actions and collective actions. "Rule 23 actions are fundamentally different" from collective actions under the FLSA. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013). Unlike a Rule 23 class action, conditional certification "does not produce a class with an independent legal status[] or join additional parties to the action." *Id.* at 75. Rather, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Id.* "Whatever significance 'conditional certification' may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23." *Id.* at 78.

Courts in other circuits have relied on these distinctions when concluding that conditional certification under the FLSA is a non-dispositive order.  *See Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 883 (E.D.N.Y. 2010) (concluding that conditional certification is a "preliminary determination" and thus a non-dispositive pretrial matter); *Wedel v. Vaughn Energy Servs., LLC*, No. 2:15-cv-93, 2015 WL 5920034, at *1 (S.D. Tex. Oct. 9, 2015) (same).

Given the nature of collective actions under the FLSA, the Court agrees with Plaintiffs that a motion for conditional certification of a collective action is separate from a motion "to dismiss or to permit maintenance of a class action."  28 U.S.C. § 636(b)(1)(A).  Significantly, however, the Court's decision is the same even under a *de novo* review.

## II.     Conditional Class Certification

Courts in this district employ a "two-step process" to determine whether a case should be certified under the FLSA.  *Dege v. Hutchinson Tech., Inc.*, Civ. No. 06-3754, 2007 WL 586787, at *1-2 (D. Minn. Feb. 22, 2007).  The first stage is often referred to as the "notice stage."  *Jennings v. Cellco P'ship*, Civ. No. 12-293, 2012 WL 2568146, at *3 (D. Minn. July 2, 2012).  At the notice stage, the Court focuses on "whether notice of the action should be given to potential class members."  *Loomis v. CUSA LLC*, 257 F.R.D. 674, 676 (D. Minn. 2009).  Conditional certification at the notice stage "is granted liberally."  *Jennings*, 2012 WL 2568146, at *3.  Plaintiffs must come forward with evidence establishing a colorable basis that "the putative class members were together the victims of a single decision, policy, or plan."  *Frank v. Gold'n Plump Poultry, Inc.*, Civ.

4

No. 04-1018, 2005 WL 2240336, at *2 (D. Minn. Sept. 14, 2005).  The Court does not make any credibility determinations or findings of fact with respect to the evidence presented by the parties at this initial stage.  *Id.* at *3, n.2.

The second stage occurs after discovery is completed.  *Id.* at *2.  At that point, "the court uses a stricter standard for determining whether the putative class members are similarly situated and reconsiders whether the trial should proceed collectively or if it should be severed."  *Id.* (citation omitted).

This case is in the notice stage because discovery is not yet complete.  Even so, Target argues that the Court should have applied a more stringent standard at this stage, given the discovery that has occurred in this case and in two similar cases.  The Magistrate Judge declined to apply a heighted standard, reasoning that the parties have not completed discovery in this case and Plaintiffs do not have access to much of the discovery in other similar cases.  The Court agrees.

Where "extensive discovery or a significant number of potential plaintiffs have already filed consent forms to join the lawsuit," courts in this district have applied a more stringent standard at the notice stage.  *In re RBC Dain Rauscher Overtime Litig.*, 703 F. Supp. 2d 910, 964 (D. Minn. 2010) (internal quotations omitted).  Target argues that there has been extensive discovery in this case because Plaintiffs have access to "years of written and deposition discovery in nearly identical cases."  (Doc. No. 160 at 2.).  But this assertion is misleading.  While Target points to two prior cases in which Plaintiffs' counsel and multiple Plaintiffs were involved—*Locicero v. Target Corp.*,

5

No. 3:16-cv-05592 (D.N.J. July 27, 2017) and *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87 (E.D.N.Y. 2020)—Plaintiffs do not have access to all the discovery in these cases.

The plaintiffs in *Locicero* accepted offers of judgment in June 2017, and evidence from the case was then destroyed pursuant to a protective order. More discovery was done in the *Jibowu*, and Plaintiffs have access to whatever evidence is available in the public docket. Still, Target has marked large portions of the remaining evidence confidential. For example, in *Jibowu*, Target designated Michael Brewer to be deposed on its behalf. Plaintiffs in this case reference Brewer's deposition in their briefing but only refer to excerpts of the deposition that is publicly available. The rest of the deposition has been marked confidential. The same is true for a number of depositions, declarations, and other documents in *Jibowu*.

As the Magistrate Judge stated in the Order, "Target cannot have it both ways—claim fulsome discovery and assert confidentiality that precludes a fulsome record for this Court."[3] (Order at 13.) Thus, the Order was correct in declining to apply a more stringent standard.

Target additionally asserts that the Order ignores Target's evidence. Specifically, Target argues that the Order "adopts a novel standard that only considers evidence 'fully vetted' in discovery." (Doc. No. 160 at 5.) In response, Plaintiffs note that the Magistrate Judge did consider Target's evidence but ultimately decided to place little

---

[3] Target also notes that it has voluntarily produced thousands of documents. But the Court agrees with Plaintiffs that Target cannot selectively disclose documents and then claim that such disclosure constitutes extensive discovery.

weight on Target's unvetted "happy-camper" declarations. The Court agrees with Plaintiffs.

The Order states that "there are assertions made under oath that STLs have been pressuring ETLs to fill out self-audits in a manner to show that much more than 50% of their time was being spent on managerial tasks, with repercussions in some cases if they fail to do so." (Order at 23.) For that reason, the Magistrate Judge concluded that the self-audits should be vetted, just as "Plaintiffs' allegations and declarations have been vetted through depositions." (*Id.*) The Magistrate Judge was correct to consider Target's declarations in light of the rest of the record and, in doing so, did not create a standard adverse to *Saleen*. *See also Shoots v. IQor Holdings US Inc.*, No. 15-cv-563, 2015 WL 6150862, at *18 (Oct. 19, 2015) (considering the defendant's "happy camper" declarations but noting that the Court does not make credibility determinations or factual findings at the notice stage of certification).

Target also argues that the Order "misconstrues applicable authority," specifically *Jibowu* and *Stroud v. Target Corp.* (Doc. No. 160 at 6.) The Order found that both cases are distinguishable, and this Court agrees. In *Jibowu*, the court applied a heightened "modest 'plus' standard," of review given the amount of discovery. 492 F. Supp. 3d at 119. And in *Stroud*, the exempt job description at issue did not include non-exempt tasks, unlike the case at hand, and the plaintiffs relied on only four declarations to support conditional certification. *Stroud v. Target Corp.*, No. 10-cv-1583 (D. Minn. Sept. 1, 2011).

Lastly, Target contends that the Order erroneously concluded that Plaintiffs established a colorable basis that the putative class members are victims of a single decision, policy, or plan. Target argues that its practices and labor budgets are decentralized and vary store-by-store, and Plaintiffs failed to provide evidence of a uniform unlawful practice that is national in scope rather than the work of a "rogue manager or employee." (Doc. No. 160 at 10.) Additionally, Target contends that testimony of .09% of the collective is insufficient to show a nationally uniform practice.

The Order notes that Target's written policies and training materials indicate that ETLs are required to spend more than 50% of their time on leadership activities. Even so, their job descriptions include hourly tasks. ETLs are required to "jump in and assist with hourly tasks on occasion" and then "jump out at the right time to ensure [they] are spending the clear majority of [their] time on leadership." (Order at 5, 20.) As the Order indicates, Target did not submit any evidence that provided how ETLs were to determine when the "jump out" of hourly tasks. Moreover, depositions and declarations of ETLs support Plaintiffs' assertion that they are required to "jump in" more often because Target does not sufficiently staff its stores.

The Order acknowledges the fact that Plaintiffs have only provided testimony from less than 1% of the collective, but the testimony comes from "ETLs working at stores across the country." (*Id.* at 22.) While Target claims that its practices are decentralized, Plaintiffs have put forth enough evidence to show that their experience is not unique to one store or region. Rather, ETLs in several states report spending a majority of their time on hourly tasks. This evidence "cannot be merely explained by a

rogue manager or region." (*Id.*) The Court agrees that "there is evidence of a pattern or practice by Target of using ETLs to shore up their hourly workers across the country." (*Id.*) At this stage in the certification process, Plaintiffs have met their burden.

## CONCLUSION

The "sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis Healthcare Corp.*, 569 U.S. at 74. At this stage, Plaintiffs need only establish a colorable basis for their claim that the putative class members were victims of a single decision, policy, or plan. The standard is intentionally lenient. Plaintiffs have provided enough evidence to warrant notice to the collective. For that reason, Magistrate Judge Wright's order is affirmed.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's objection (Doc. No. [160]) is **OVERRULED**.

2. The April 5, 2022 order of Magistrate Judge Wright (Doc. No. [158]) is **AFFIRMED**.

3. The parties are directed to contact the Magistrate Judge to establish a new timeline to meet and confer regarding notice.

Dated:  August 24, 2022         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge

9