IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TAMMY BABBITT and WILLIAM CARTER, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 20-cv-00490-DWF-ECW<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE COURT'S AUGUST 24, 2022 ORDER (ECF 167), AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S MARCH 24, 2022 ORDER (ECF 155, 158)** |

## INTRODUCTION

This is the exceptional case in which interlocutory appeal is warranted. This case presents important questions regarding the legal standard used when determining whether to certify a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The issues presented for interlocutory appeal are important not merely for this case, but also for all other district courts in this Circuit, which need clear guidance on the proper certification standard. Underscoring the importance of this issue, three district courts in other circuits already have certified this same question for interlocutory appeal, and two circuit courts—the Fifth and Sixth Circuit—have accepted the issue for review.

If not certified for interlocutory appeal, this issue will continue to evade judicial review. FLSA collective actions rarely, if ever, reach appellate courts at the notice stage because "conditional certification" is not a final judgment and defendants frequently move for decertification. But in the absence of interlocutory review, the unfair and "formidable settlement pressure" that conditional certification creates will endure. So will the

4868-6634-7824

significant complications and costs associated with notifying thousands of employees and the likelihood that notice will be sent to employees who are not potential Plaintiffs, defeating the purpose of the FLSA's command that only similarly situated persons proceed collectively.

Because only the Eighth Circuit can provide certainty on these issues, Target respectfully requests the Court certify its August 24, 2022 Order (which adopted the Magistrate Judge's March 28, 2022 Order) under 28 U.S.C. section 1292(b). That statute allows interlocutory appeal when the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."

## PROCEDURAL BACKGROUND

Given the extensive briefing to date, the Court is well familiar with the facts underlying this case. On July 23, 2021, after substantial discovery had been conducted, Plaintiffs moved for conditional certification of a nationwide collective of ETLs and requested that notice be given to putative collective members. (ECF 85.) On March 28, 2022, Magistrate Judge Wright granted Plaintiffs' motion (ECF 155, 158, "March 28 Order"). Target objected to the March 28 Order, arguing in part that the Magistrate Judge wrongly applied a more lenient legal standard than should have been utilized. (ECF 160). On August 24, 2022, this Court affirmed and adopted the March 28 Order. (ECF 167, "August 24 Order.")

Both Orders acknowledge that trial courts in this District employ a "two-step process" to determine whether a case should be certified under the FLSA. (ECF 167 at 5.)

At the first or notice stage, courts focus on "whether notice of the action should be given to potential class members." *Loomis v. CUSA LLC*, 257 F.R.D. 674, 676 (D. Minn. 2009). At the second stage, after discovery is completed, "the court uses a stricter standard for determining whether the putative class members are similarly situated and reconsiders whether the trial should proceed collectively or if it should be severed." *Id.* (citation omitted). Because substantial discovery has occurred in this and similar predecessor cases, Target argued for an intermediate, heightened level of review at the notice stage under which the court would consider all the evidence introduced by Target.

However, what standard courts should apply during the notice stage assumes that the FLSA demands a two-stage certification process. Not so. Indeed, the concept of a two-stage certification process is not found in the text of the FLSA. Section 216(b) provides only that employees may proceed collectively when they are "similarly situated." 29 U.S.C. § 216(b). The statute does not define "similarly situated." And critically, the statute says nothing about "certification" or "notice."

Nor is there much controlling guidance at the appellate level. In *Hoffman-La Roche v. Sperling*, the Supreme Court acknowledged that trial courts retain discretion over authorizing notice to potential opt-ins, but declined to comment on the details and did not even mention "certification." 493 U.S. 165, 170 (1989). Further, until recently, few federal appellate courts had squarely addressed the standard for conditional certification. *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 436 (5th Cir. 2021) (noting lack of federal appellate precedent on notice-giving process and citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1111 (9th Cir. 2018) (collecting cases)). In fact, the two-step collective

certification process was originally developed by a New Jersey District Court. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 352 (D.N.J. 1987).

Though some circuit courts have adopted the *Lusardi* framework, the Eighth Circuit has never ruled on or even considered the propriety of the two-stage approach. Nor even assuming a two-stage approach is appropriate, has the Eighth Circuit ruled on whether an intermediate standard considering the defendant's evidence is appropriate at the notice stage. Moreover, in *Swales*, the Fifth Circuit *rejected* the two-stage approach in favor of a one-stage approach in which a district court "must rigorously scrutinize the realm of 'similarly situated' workers, and must do so from the outset of the case, not after a lenient, step-one 'conditional certification.' Only then can the district court determine whether the requested opt-in notice will go to those who are actually similar to the named plaintiffs." 985 F.3d at 441 (5th Cir. 2021).

The Eighth Circuit should be given the opportunity to decide the issue for the courts in this circuit.

## LEGAL ARGUMENT

### I.  STANDARD FOR INTERLOCUTORY APPEAL

Federal appellate courts have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. In addition, a district court may designate an otherwise non-final order as certified for interlocutory appeal under 28 U.S.C. § 1292(b). *Saunders v. Ace Mortg. Funding, Inc.*, No. 05-1437 (DWF/SRN), 2007 U.S. Dist. LEXIS 49109, at *2 (D. Minn. July 6, 2007).

Pursuant to section 1292(b), a district court may certify a non-final order for interlocutory appeal when the court finds that the order sought for appeal involves: (1) a controlling question of law; (2) about which there is substantial ground for difference of opinion; and (3) an immediate appeal therefrom may materially advance the termination of the litigation. 28 U.S.C. § 1292(b). The court of appeals may then, "in its discretion, permit an appeal to be taken from such order." *Id.* "28 U.S.C. § 1292(b) confers on district courts first line discretion to certify for immediate appeal interlocutory orders deemed pivotal and debatable . . . ." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 36 (1995).

## II. QUESTION PRESENTED FOR CERTIFICATION

Target respectfully requests the Court certify the following question for interlocutory appeal:

> *What legal standard should courts apply when deciding whether to certify a collective action under the Fair Labor Standards Act?*

## III. THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW

The first factor for certification can be divided into two requirements: the question must be one "of law" and it must be "controlling." As to the first requirement, there is no more quintessential question of pure law than the determination of the proper legal standard to apply in a given case. *See White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) ("A legal question of the type referred to in § 1292(b) contrasts with a 'matter for the discretion of the trial court.'") (citation omitted). Target seeks clarity on the proper legal standard for collective certification, not a determination of whether the Court appropriately applied the standard it adopted to the facts presented. *Thomas v. Maximus, Inc.*, No. 3:21-cv-498

5

(DIN), 2022 U.S. Dist. LEXIS 92498, at *13 (E.D. Va. May 10, 2022) ("The determination of whether *Lusardi* or *Swales* should control whether a court certifies a collective presents a purely legal question."); *Holder v. A&L Home Care & Training Ctr., LLC*, 552 F. Supp. 3d 731 (S.D. Ohio 2021) (finding that "whether a district court is bound to follow the two-step certification process" to be a "controlling question[] of law as to which there is substantial ground for difference in opinion and therefore certifying its decision for interlocutory appeal); *Swales v. KLLM Transp. Servs., LLC*, 410 F. Supp. 3d 786, 794 (S.D. Miss. 2019) (noting that question on correct standard to apply for conditional certification was controlling question of law). More specifically, Target would ask the Eighth Circuit to address clearly: (a) whether a two-stage approach to FLSA certification is appropriate and, (b) if so, whether an intermediate standard is appropriate at the notice stage when significant discovery already has been conducted.

As to the second requirement, a question of law is "controlling" if "reversal of the district court's order would terminate the action," or "if its resolution is quite likely to affect the further course of the litigation, even if it is not certain to do so." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.*, 2015 U.S. Dist. LEXIS 107661 (D. Minn. Aug. 17, 2015) (cleaned up). Here, the determination of what standard to apply may well terminate the action, at least on a collective basis; at minimum, it certainly will affect the further course of the litigation. For instance, the more "lenient evidentiary standard" for conditional certification may result in individuals who are not similarly situated receiving notice, thereby increasing the size of the collective. *Holder v. A&L Home Care and Training Ctr., LLC*, 552 F. Supp. 3d 731, 747 (S.D. Ohio 2021). A large conditionally

6

4868-6634-7824

certified collective "can exert 'formidable settlement pressure' on a defendant. This pressure, in turn, may materially affect the case's outcome." *Id.* (first citing *Swales*, 985 F.3d at 436; and then citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 445 (2010) (Ginsburg, J., dissenting)); *see also Thomas*, 2022 U.S. Dist. LEXIS 92498, at *13-14 (same); *Swales*, 410 F. Supp. 3d at 794 (noting that "applying a different test for conditional certification . . . could materially impact the trial of this matter; the case will either be a collective action or involve individual claims"); *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 (7th Cir. 2020) (recognizing that sending notice to employees who are not similarly situated to named plaintiff "would unfairly amplify settlement pressure").

Moreover, if this issue is certified for interlocutory appeal and the appeal is accepted by the Eighth Circuit, the court's decision on the merits will establish this circuit's first and only precedent on this issue. *See Pagliolo v. Guidance Corp.*, No. 06-943 (DWF/SRN), 2007 U.S. Dist. LEXIS 38822, at *5 (D. Minn. May 29, 2007) (citing *W. Tennessee Chapter of Assoc. Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1018 (W.D. Tenn. 2000) (stating that "an issue may be considered controlling" for purposes of § 1292(b) "if its resolution has precedential value")).

Because the applicable legal standard for collective certification is a controlling question of law, the first factor for certification of interlocutory appeal is satisfied.

**IV.   THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION**

Identification of "a sufficient number of conflicting and contradictory opinions" provides substantial ground for difference of opinion. *Nix*, 43 F.3d at 378 (quoting *Oyster v. Johns-Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983)). Additionally, courts may

7

certify for interlocutory appeal where "the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions, or if the question is one of first impression," *ASI, Inc. v. Aquawood, LLC*, No. 19-763 (JRT/HB), 2021 U.S. Dist. LEXIS 21420, at \*5 (D. Minn. Feb. 4, 2021) (citation omitted), or when a difference of opinion exists within the controlling circuit or the circuits are split on the question, *In re Polaris Mktg., Sales Practices & Prods. Liab. Litig.*, No. 18-cv-0939 (WMW/DTS), 2020 U.S. Dist. LEXIS 11466, at \*15 (D. Minn. June 30, 2020). *See also CTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) ("[c]ourts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point.'") (citation omitted).

Here, there exists substantial ground for difference of opinion as to which standard to apply in determining whether to certify a collective action under the FLSA. First, neither the Eighth Circuit nor the Supreme Court has prescribed a process or legal standard for certification of an FLSA collective. Second, just last year, the Fifth Circuit unequivocally held that the *Lusardi* two-stage framework was improper. *Swales*, 985 F.3d 430. Third, earlier this year, the Sixth Circuit accepted an interlocutory appeal from a federal court in Ohio to determine "what standard to apply when conditionally certifying a collective action." *In re: A&L Home Care & Training Ctr.*, No. 21-305, ECF No. 12 (6th Cir Feb. 4, 2022); *see also Thomas*, 2022 U.S. Dist. LEXIS 92498, at \*16-18 ("In light of the lack of controlling case law on [the correct standard to apply for conditional certification], in addition to the impact that resolution of this issue could have on the likelihood of settlement

8

and length of litigation, the Court finds that a substantial ground for difference of opinion exists that warrants interlocutory certification."). Regardless of how the Sixth Circuit rules, it will only deepen the current circuit split.

As the Fifth Circuit noted in *Swales*, with regard to the use of the two-step approach, the lack of federal appellate rulings on the issue does not signify unanimity among the circuit courts. *Swales*, 985 F.3d at 436. Many that have tacitly accepted the two-step approach have done so while acknowledging that the approach is not mandated by the text of the FLSA or Supreme Court precedent, and sometimes criticizing it. *See, e.g.*, *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018) (referring to two-step process as "a balancing test with no fulcrum" that offers district courts "no clue as to what kinds of 'similarity' matter under the FLSA"); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (acknowledging that while "the district courts of this Circuit appear to have coalesced around a two-step method," it is "not required by the terms of FLSA or the Supreme Court's cases."); *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (noting "conditional certification . . . is neither necessary nor sufficient for the existence of a representative action under the FLSA") (internal quotations omitted); *White v. Baptist Mem. Health Care Corp.*, 699 F.3d 869, 882 (6th Cir. 2012) (recognizing, but not "adopting," standard used by district courts); *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) (referring to two-step certification method as "[a]rguably . . . the best of [] three approaches" taken by various circuits, but refusing to endorse any particular approach).

Not only is there substantial ground for difference of opinion about the propriety of the two-step certification method, there is a sufficient number of conflicting opinions on whether, when using the two-step certification method, an intermediate standard for conditional certification exists. *Compare McClean v. Health Sys.*, No. 11-03037-CV-S-DGK, 2011 U.S. Dist. LEXIS 142283, at *11-12 (W.D. Mo. Dec. 12, 2011) (applying intermediate standard of review, given status of litigation and stating "it would be inequitable to allow Plaintiffs to rely on documents generated by discovery in support of their 'Motion for Conditional Certification' and then to allow Plaintiffs to proceed with the more lenient standard applied in cases where the parties have not yet begun discovery") (citing *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819 (N.D. Ohio 2011) (identifying and discussing several different "intermediate" standards implemented by other courts and adopting its own "hybrid standard" approach to conditionally certifying collective actions)) *and Thiessen v. GE Capital Corp.*, 996 F. Supp. 1071, 1080 (D. Kan. 1998) (adopting intermediate approach in analyzing "similarly situated" issue) *with Carden v. Scholastic Book Clubs, Inc.*, No. 2:10-CV-01112-NKL, 2011 U.S. Dist. LEXIS 73590 (W.D. Mo. July 8, 2011) (applying lenient standard after parties had taken depositions and exchanged documents, explaining discovery was not yet complete), and *Lopez v. Tyson Foods*, No. 8:06CV459, 2008 U.S. Dist. LEXIS 60050 (D. Neb. Aug.7, 2008) (rejecting defendant's argument that plaintiffs should be held to higher standard for certification in light of significant discovery conducted).

For instance, while accepting use of an "intermediate" standard of review, one district court within this circuit remarked: "It is not exactly clear what the standard looks

10

like, leading one court to note that 'the intermediate standard is applied differently by every court.'" *Macmann v. Tropicana Entm't*, No. 4:19 CV 404 RWS, 2021 U.S. Dist. LEXIS 53935, at *4 (E.D. Mo. Mar. 23, 2021) (citation omitted) (collecting cases applying different "intermediate" standards).

As a result of the lack of appellate guidance, "much of collective action practice is a product of interstitial judicial lawmaking or ad hoc district court discretion." *Campbell*, 903 F.3d at 1100. This uncertainty alone supports interlocutory review. *See Pagliolo*, 2007 U.S. Dist. LEXIS 38822, at *10 (finding substantial ground for difference of opinion and noting that granting motion for interlocutory appeal "will allow the Eighth Circuit to determine what the law is in this Circuit.").

To agree that interlocutory review is appropriate, the Court need not reconsider its own decision. As one district court wrote, "Although I am confident of my ruling on these facts, I find there is substantial ground for difference of opinion . . ." *Skylon Corp. v. Guilford Mills*, 901 F. Supp. 711, 718 (S.D.N.Y. 1995). Here, there exists substantial ground for difference of opinion: the question presented for appeal is one of first impression in this circuit; is a question on which other circuit courts are split; and also a question in which there are a sufficient number of conflicting and contradictory opinions providing substantial ground for difference of opinion.

## V.   CERTIFICATION WILL MATERIALLY ADVANCE THE LITIGATION

Last, the third criterion for review is met because a decision by the Eighth Circuit on the proper standard for collective certification "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This requires that the case be one where

11

"the decision of an interlocutory appeal might avoid protracted and expensive litigation." *Emerson Elec. Co. v. Yeo*, No. 4:12-CV-1578 JAR, 2013 U.S. Dist. LEXIS 15148, at *12 (E.D. Mo. Feb. 5, 2013) (citations omitted).

Courts have recognized that a decision clarifying the standard for collective certification is one that will materially advance the ultimate termination of FLSA collective actions. If the Eighth Circuit defines what the similarity standard requires, either by doing away with the two-stage method or by prescribing an intermediate standard, this would impact the size of the collective and the time it takes to litigate the case. As the Southern District of Ohio recognized in certifying its decision for interlocutory appeal in *Holder*, "[t]he size of the class and the investments of time and money have a direct bearing on settlement pressure, damages, and how the parties and the Court manage the litigation. So an immediate appeal may move this litigation along." *Holder*, 552 F. Supp. 3d at 747. *Holder's* reasoning is especially compelling in this case—where the standard for certification may result in no collective at all, a nationwide collective of between 11,000 and 14,000 ETLs, or a much smaller collective consisting of ETLs at specific stores only (as the Eastern District of New York ordered in *Jibowu v. Target Corp.*). The time, expense, and burden—both for the parties and the Court—of litigating a large, nationwide collective is drastically different than that required to litigate a smaller, store-specific collective, or no collective.

The Eastern District of Virginia in *Thomas* agreed with *Holder's* reasoning, noting that "[r]eversal of the Court's decision conditionally certifying the class and abrogation of the two-step certification process outcome would require the Court to more closely

12

4868-6634-7824

scrutinize the similarities between the putative collective members—or lack thereof—much earlier in the case, thereby increasing the likelihood that it would decline to issue notice." 2022 U.S. Dist. LEXIS 92498, at *19-20 (citing *Swales*, 985 F.3d at 434 ("[A] district court must rigorously scrutinize the realm of 'similarly situated' workers, and must do so from the outset of the case, not after a lenient, step-one 'conditional certification.'")).

## VI.   LITIGATION SHOULD BE STAYED PENDING THE COURT'S RULING

Section 1292(b) specifically provides the Court with authority to grant a stay, consistent with the district court's "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). In the Eighth Circuit, courts weighing a stay consider several factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues; and (3) whether discovery is complete and whether a trial date has been set." *Schwendimann v. Arkwright Advanced Coating, Inc.*, No. 11-820, 2012 U.S. Dist. LEXIS 157712, at *14 (D. Minn. Nov. 2, 2012).

Courts in this circuit commonly grant stays concurrent with certifying an order for interlocutory appeal. *Emerson Elec. Co. v. Yeo*, No. 4:12CV1578 JAR, 2013 U.S. Dist. LEXIS 15148, at *16 (E.D. Mo. Feb. 5, 2013) (granting stay and noting "the very purpose of an interlocutory appeal is to avoid expensive and potentially unnecessary discovery and litigation."); *Schwendimann*, 2012 U.S. Dist. LEXIS 157712, at *15 ("A stay will simplify issues by avoiding potentially unnecessary litigation."); *Stearns v. NCR Corp.*, No. 98-2381, 2000 U.S. Dist. LEXIS 22643, at *4 (D. Minn. Oct. 11, 2000) (noting that stay could "adversely affect" plaintiffs, but "in the absence of a stay the parties could be required to

invest the unnecessary time and resources which, by certifying its Order for appeal, the Court has sought to avoid").

Here, Plaintiffs will be neither prejudiced nor clearly disadvantaged by a stay because the Court may toll the limitations period during the appellate proceedings. By contrast, failing to stay the case means notice will reach thousands, including individuals likely rendered ineligible to receive such notice. *See In re JPMorgan Chase & Co.*, 916 F.3d 494, 502 (5th Cir. 2019) ("alerting those who cannot ultimately participate in the collective 'merely stirs up litigation,' which is what *Hoffmann-La Roche* flatly proscribes."). Once notice issues, the Court cannot unring the bell. Indeed, it would be incredibly confusing for individuals to receive a notice alerting them of the potential to participate in a lawsuit only to receive a subsequent notice clarifying that they are not actually part of the viable conditional collective. For similar reasons, staying the case will simplify the proceedings. Awaiting the Eighth Circuit's pronouncement on FLSA certification standards will ensure that if notice must be distributed, its issuance will be efficient, orderly, and effective. Lastly, this case has not been set for trial and discovery has not yet been completed. Therefore, a stay would prevent unnecessary discovery and trial-preparation efforts. It is not only the parties' resources at stake. The public interest in conserving judicial resources also favors granting the requested stay. Beyond this case, the proliferation of FLSA litigation expends significant judicial resources. Indeed, "it would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action," therefore, courts must be "mindful of the potential burdens associated with defending an

FLSA claim involving a large and broadly defined collective group of plaintiffs." *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 803 (S.D.N.Y. 2012) (citations omitted).

## CONCLUSION

This case presents fundamental legal questions about the standard to be used in certifying a collective action under the FLSA. Neither the United States Supreme Court nor the Eighth Circuit have ever directly addressed this question. It is also a current area of considerable disagreement among circuit courts of appeals. As evidenced by two circuit courts of appeals that have granted interlocutory review, this issue is precisely the kind of question appropriate for certification of interlocutory appeal.

Accordingly, Target requests that the Court certify the August 24 Order (affirming and adopting the March 28 Order) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) by stating that the Court makes the following findings:

1. the Orders involve a controlling question of law, specifically the standard a district court should use when deciding whether to certify an FLSA collective action;

2. there is substantial ground for difference of opinion regarding that controlling question of law; and

3. an immediate appeal from the Orders may materially advance the ultimate termination of the litigation.

Target also requests that this Court stay the proceedings pending resolution of its request and the Eighth Circuit's ruling on the issues here addressed.

|  |  |
|---|---|
|  | NILAN JOHNSON LEWIS PA |
| Dated: September 23, 2022 | By: *s/ Pablo Orozco* <br> Joseph G. Schmitt (Reg. No. 231447) <br> David A. James (Reg. No. 337389) <br> Pablo Orozco (Reg. No. 0396811) <br> 250 Marquette Avenue South, Suite 800 <br> Minneapolis, Minnesota 55401 <br> Telephone: (612) 305-7500 <br> Fax: (612) 305-7501 <br> jschmitt@nilanjohnson.com <br> djames@nilanjohnson.com <br> porozco@nilanjohnson.com <br><br> and <br><br> Jeffrey D. Wohl (*admitted pro hac vice*) <br> PAUL HASTINGS LLP <br> 101 California Street, 48th Floor <br> San Francisco, California 94111 <br> Telephone: (415) 856-7000 <br> Fax: (415) 856-7100 <br> jeffwohl@paulhastings.com <br><br> ATTORNEYS FOR DEFENDANT <br> TARGET CORPORATION |

4868-6634-7824