# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tammy Babbitt and William Carter, individually and on behalf of other similarly situated individuals, | Civil No. 20-490 (DWF/ECW) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Target Corporation, | |
| Defendant. | |

Charles Gershbaum, Esq., Rebecca Solomon Predovan, Esq., Hepworth, Gershbaum & Roth, PLLC; Christopher Michael Timmel, Esq., Seth Richard Lesser, Esq., Klafter Lesser LLP; Rachhana T. Srey, Esq., Nichols Kaster PLLP; Richard E. Hayber, Esq., Hayber, McKenna & Dinsmore, LLC; counsel for Plaintiffs.

David A. James, Esq., Joseph G. Schmitt, Esq., Pablo Orozco, Esq., Nilan Johnson Lewis PA; Jeffrey D. Wohl, Esq., Paul Hastings LLP; counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Target Corporation's motion to certify interlocutory appeal. (Doc. No. 170.) Plaintiffs oppose the motion. (Doc. No. 181.) For the reasons set forth below, the Court denies Target's motion.

## BACKGROUND

Plaintiffs Tammy Babbitt and William Carter bring this action against Defendant Target Corporation on behalf of themselves and similarly situated current and former Target Executive Team Leaders ("ETLs") to recover overtime pay under the Fair Labor

Standards Act ("FLSA"). Plaintiffs allege that Target has misclassified ETLs in violation of the FLSA. (Doc. No. 1 ("Compl.") ¶¶ 4-5.)

In July 2021, Plaintiffs moved for conditional certification of a collective class. (Doc. No. 83.) The Magistrate Judge granted the motion (Doc. No. 155), and the Court later affirmed the Magistrate Judge's decision (Doc. No. 167).

Target now moves to certify the Court's orders granting conditional certification for interlocutory appeal on the question of "[w]hat legal standard should courts apply when deciding whether to certify a collective action under the Fair Labor Standards Act?" (Doc. No. 170 at 1.)

## DISCUSSION

The FLSA allows named plaintiffs to sue "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Plaintiffs are "similarly situated" when "they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (internal quotations and citation omitted). In determining whether plaintiffs are similarly situated, courts consider "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [the] defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Id.* (internal quotations and citation omitted). For similarly situated employees to join a collective under § 216(b), they must opt-in, meaning they must give their consent in writing to be a party to the FLSA action. § 216(b).

"The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Bouaphakeo*, 765 F.3d at 796 (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)).  Not only do district courts have wide discretion to determine when certification of a collective is appropriate, but courts also have discretion to manage the certification process.  *Learning v. Anthem Cos., Inc.*, No. 21-cv-2283, 2022 WL 594378, at *4 (D. Minn. Feb. 28, 2022).  Specifically, courts have discretion to facilitate notice to potential plaintiffs.  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  "[A]ccurate and timely notice concerning the pendency of the collective action" is necessary "so that [employees] can make informed decisions about whether to participate." *Id.* at 170.  The Supreme Court has recognized the "wisdom and necessity" of early court involvement in the management of collective actions.  *Id.* at 171.

In this Circuit, courts utilize a two-step process to determine whether employees are similarly situated and thus may opt-in as a party to an FLSA action.  At the first stage, also known as the "notice stage," the Court considers "whether the class should be conditionally certified for notification and discovery purposes." *Chin v. Tile Shop, LLC*, 57 F. Supp. 3d 1075, 1082 (D. Minn. 2014) (citation omitted).  At this stage, "plaintiffs need only establish . . . a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." *Id.*  "The sole consequence of conditional certification is the sending of court-approved written notice to employees." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).

3

The second stage occurs after discovery has been completed and notice has been sent to potential plaintiffs. *Chin*, 57 F. Supp. 3d at 1082. At that point, the defendant may move to decertify the class. *Id.* The court then makes a final "factual determination whether the plaintiffs are indeed similarly situated based on more complete evidence." *Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564, 578 (D. Minn. 2014) (internal quotations and citation omitted). "If a class is decertified, opt-in class members are dismissed without prejudice, and the case proceeds only in the putative class representatives' individual capacities." *Id.* at 577 (internal quotations and citation omitted).

In this case, during the first stage of the certification process, the Court reviewed the entire record—including initial written and deposition discovery[1]—and determined that the putative class members were "similarly situated" to Plaintiffs. Target first challenged the Court's factual determination. (*See* Doc. No. 160.) That challenge was unsuccessful. (*See* Doc. No. 167.) Target now takes issue with the standard itself, arguing that a recent Fifth Circuit opinion, *Swales v. KLLM Transportation Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021), has "introduced significant uncertainty and confusion" about what the proper certification standard should be. (Doc. No. 182 at 7.) Target therefore requests that this Court certify for interlocutory appeal the Court's orders

---

[1] Target additionally argues that the Magistrate Judge committed reversible error by engaging in credibility determinations. But as the Court noted in its review of the Magistrate Judge's decision, "the Magistrate Judge was correct to consider Target's ['happy camper'] declarations in light of the rest of the record." (Doc. No. 167 at 7.) This was not reversible error.

4

granting conditional certification (Doc. Nos. 155, 167) and asks the Eighth Circuit to clarify the proper standard for certification.

**I.      Legal Standard**

Under 28 U.S.C. § 1292(b), district courts may certify an order for interlocutory appeal "in exceptional cases where a decision on appeal may avoid protracted and expensive litigation." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Three criteria must be met for a court to certify an order for immediate appeal: (1) the order must involve a "controlling question of law"; (2) there must be "substantial ground for difference of opinion"; and (3) certification must "materially advance the ultimate termination of the litigation." *Id.* at 377 (internal quotations and citation omitted). "[T]he movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* at 376 (citation omitted).

**II.     Controlling Question of Law**

An order may only be certified for interlocutory appeal if it involves a controlling legal question. "A legal question of the type referred to in § 1292(b) contrasts with a matter for the discretion of the trial court." *Id.* at 377 (internal quotations and citation omitted). A legal question is "controlling" when its "resolution of an issue on appeal could materially affect the outcome of the litigation." *Adams v. City of Kansas City, Mo.*, No. 19-cv-93, 2022 WL 138102, at *2 (W.D. Mo. Jan. 14, 2022).

Target challenges the propriety of conditional certification. Because "[t]he sole consequence of conditional certification is the sending of court-approved written notice," *Genesis Healthcare Corp.*, 569 U.S. at 75, Target specifically takes issue with the timing

of notice within the certification process and how rigorously the Court must enforce the "similarly situated" requirement before notice may be sent to potential plaintiffs. As outlined above, under the two-step process used in this Circuit, notice is granted before discovery is completed and after a preliminary finding that prospective members of the collective are similarly situated. After notice has been sent out and discovery is completed, the defendant may then move to decertify or partially decertify the collective, at which point the court considers any additional evidence produced and makes a final determination as to whether the collective members are similarly situated. Under *Swales*, the Fifth Circuit dispensed with the two-step process and held that courts should authorize necessary preliminary discovery first and then "rigorously enforce [the similarity requirement]" before notice is sent out. *Swales*, 985 F.3d at 443. Under this one-step process, courts make the same determinations as in the two-step process, but they do so in a single step. Litigation therefore ultimately proceeds in the *same manner* as it would under the two-step process after a motion for decertification. "The only difference between the two proffered tests is the timing and breadth of the notice." *Hunter v. Legacy Health*, No. 18-cv-2219, 2021 WL 4238991, at *10 (D. Or. Apr. 13, 2021).

Plaintiffs contend that because "how and whether to issue notice lies within the sound discretion of the district court," a court's decision to conditionally certify an action for notice and discovery purposes is discretionary and thus outside the bounds of § 1292(b). (Doc. No. 181 at 8.) Plaintiffs further argue that because certification at the

notice stage is conditional, and Target may move to decertify the collective after notice and discovery, the conditional certification standard is not a controlling issue.

The Court is inclined to agree with Plaintiffs. The Court has "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc.*, 493 U.S. at 170. As Target aptly notes, the FLSA does not demand a two-step certification process. Nor does it demand a one-step process. Rather, courts in this Circuit have found, in their discretion, that the two-step process is an "orderly, sensible" way to manage the certification process. While notice is sent more broadly under the two-step process, the final collective under either process will look the same, as the Court makes the same determination on a motion to decertify as it would under the single-step process. For that reason, conditional certification does not present a controlling question of law.

Target additionally asks the Eighth Circuit to clarify "whether an intermediate standard is appropriate at the notice stage when significant discovery has been conducted." (Doc. No. 172 at 6.) In this case, however, the Court *already* considered whether an intermediate standard was appropriate. While Target argued that Plaintiffs have access to years of evidence from other similar cases, the Court pointed out that Target had marked large portions of this evidence confidential, including a number of depositions, declarations, and other documents. (*See* Doc. No. 167 at 5-6.) As the Magistrate Judge noted, "Target cannot have it both ways—claim fulsome discovery and assert confidentiality that precludes a fulsome record for this Court." (Doc. No. 158

7

at 13.) The Court then concluded that "significant discovery" had not been conducted and declined to apply a more stringent standard. Even if the Eighth Circuit were to hold that an intermediate standard is appropriate at the notice stage when significant discovery has been conducted, the Court would not apply that standard here. Thus, the question is not controlling.

Numerous courts within this Circuit and across the country have similarly held that conditional certification orders do not present a controlling question of law. *See Peck v. Mercy Health*, No. 21-cv-834, 2023 WL 1795421, at *3 (E.D. Mo. Feb. 7, 2023) ("Several courts have determined that the conditionality of such certifications necessarily means they do not present controlling questions of law."); *Long v. CPI Sec. Sys., Inc.*, No. 12-cv-396, 2013 WL 3761078, at *3 (W.D.N.C. July 16, 2013) (concluding that "conditional certification is not a controlling question of law"); *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1069 (D. Ariz. 2015) (reasoning that regardless of whether the issue is framed narrowly, in terms of what evidentiary standard should apply at the first stage of certification, or more broadly, in terms of the propriety of conditional certification, the issue did not involve a controlling question of law); *Ellerd v. Cnty. of Los Angeles*, No. 08-cv-4289, 2009 WL 3462179, at *6 (C.D. Cal. Oct. 22, 2009) (denying the defendant's motion for interlocutory appeal because the "defendant may move for decertification upon the completion of discovery"); *LaFleur v. Dollar Tree Stores, Inc.*, No. 12-cv-363, 2013 WL 150722, at *4 (E.D. Va. Jan. 11, 2013) (concluding that there was "no controlling question of law . . . given the temporary nature of its conditional order to certify a collective of hourly store associates"). Consequently,

Target has failed to demonstrate that the Court's conditional certification orders involve a controlling question of law.

### III.   Substantial Ground for Difference of Opinion

Even assuming that this issue involves a controlling question of law, Target has failed to demonstrate substantial ground for difference of opinion.  "[I]dentification of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement."  *White*, 43 F.3d at 378 (internal quotations and citation omitted).  Here, Target identifies *Swales* as evidence that substantial ground for disagreement exists.  A review of the case law since *Swales*, however, "reveals nearly universal negative treatment of *Swales* by other district courts in this Circuit."  *Peck*, 2023 WL 1795421, at *3; *see Learning*, 2022 WL 594378, at *4 ("The Court declines to apply *Swales*, as have other courts in the Eighth Circuit."); *Murphy v. Lab. Source, LLC*, No. 19-cv-1929, 2022 WL 378142, at *11 n.4 (D. Minn. Feb. 8, 2022) (declining to apply *Swales* and reasoning that "*Swales* undermines the discretion afforded to district [c]ourt[s] in implementing section 216(b)"); *McCoy v. Elkhart Prods. Corp.*, No. 20-cv-5176, 2021 WL 510626, at *2 (W.D. Ark. Feb. 11, 2021) ("The Court will follow the historical, two-stage approach, which has proven to be an efficient means of resolution of this issue."); *Looney v. Weco, Inc.*, No. 21-cv-165, 2022 WL 4292384, at *2 (E.D. Ark. Sept. 16, 2022) ("The Court declines to apply *Swales*, as have other district courts in the Eighth Circuit.").

Many courts across the country have similarly rejected *Swales*.  *See Piazza v. New Albertsons, Inc.*, No. 20-cv-3187, 2021 WL 3645526, at *4-5 (N.D. Ill. Aug. 16, 2021)

9

(concluding that *Swales* does not create substantial ground for difference of opinion); *Morris v. MPC Holdings, Inc.*, No. 20-cv-2840, 2021 WL 4124506, at *2 (D. Colo. Sept. 9, 2021) (declining to apply *Swales*); *Drake v. Tufts Associated Health Maint. Org., Inc.*, No. 19-cv-11876, 2021 WL 2767308, at *3 n.3 (D. Mass. Feb. 12, 2021) (declining to apply *Swales* "[i]n light of the weight of authorities from courts in the First Circuit and elsewhere"); *Manasco v. Best In Town, Inc.*, No. 21-cv-381, 2022 WL 816469, at *6 n.5 (N.D. Ala. Mar. 17, 2022) (declining to apply *Swales* and noting that "the Eleventh Circuit has left this issue to the discretion of the district courts"); *Thomas v. Maximus, Inc.*, No. 21-cv-498, 2022 WL 598053, at *4 (E.D. Va. Feb. 28, 2022), *amended on denial of reconsideration sub nom. Thomas v. Maximus, Inc.*, No. 21-cv-498, 2022 WL 1482008 (E.D. Va. May 10, 2022) (declining to follow *Swales* "[i]n light of the refusal of multiple district courts within the Fourth Circuit"); *Park v. Unum Grp. Corp.*, No. 20-cv-8901, 2022 WL 17251964, at *3 (C.D. Cal. Aug. 2, 2022) (declining to apply *Swales*); *Stacy v. Jennmar Corp. of Va., Inc.*, 342 F.R.D. 215, 225 n.6 (W.D. Va. 2022) (declining to follow *Swales* and noting that "other courts have rejected *Swales'* more stringent approach"); *Amoko v. N&C Claims Serv., Inc.*, 577 F. Supp. 3d 408, 414-15 (D.S.C. 2021) (declining to apply *Swales*).

While Target argues that *Swales* demonstrates a circuit split on the issue, "it is not clear whether one outlier circuit opinion is sufficient to demonstrate a substantial ground for difference of opinion." *Pederson v. Trump*, No. 19-cv-2735, 2020 WL 4288316, at *3 (D. Minn. July 26, 2020). And ultimately, the Court concludes that the limited case law Target has produced, as well as the negative treatment of *Swales* in this Circuit and

10

across the country, is not enough to demonstrate a substantial ground for difference of opinion.

## IV.     Materially Advance the Ultimate Termination of the Litigation

Lastly, Target has failed to prove that certification will materially advance the litigation. The Eighth Circuit has noted that "[w]hen litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378-79 (citation omitted). Target argues that the process the court uses to certify a collective will "impact the size of the collective and the time it takes to litigate the case." (Doc. No. 172 at 12.) The Court disagrees. "[U]nder either a one- or a two-step test, the same parties, claims, and defenses will be ultimately litigated." *Hunter*, 2021 WL 4238991, at *10. At the end of either process, the collective will look the same, and the litigation will proceed "in the same posture as if the interlocutory appeal was granted and [Target's] objections [were] addressed in a single step." *Id.*

Target further argues that "the determination of what standard to apply may well terminate the action" (Doc. No. 172 at 6), but that is not entirely true. Even if the Eighth Circuit were to agree with the one-step process laid out in *Swales*, more discovery would likely be necessary for the Court to make a final determination as to whether the collective members are similarly situated. As noted above, the Court's final determination—under either the one-step process or after a motion to decertify—would be the same. The only difference would be the timing and breadth of notice. And while Target asserts that if notice is sent to a larger prospective class, it may be pressured to

settle, this argument "overlooks that settlement would 'materially advance the ultimate termination of the litigation.'" *Hunter*, 2021 WL 4238991, at *12.

In this case, whether the Court grants the interlocutory appeal or continues under the well-established two-step process, the final collective will look the same and the litigation will ultimately proceed in the same manner. Certification of an interlocutory appeal will not materially advance the ultimate termination of the litigation.

## CONCLUSION

For the reasons set forth above, the Court denies Target's motion to certify interlocutory appeal.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's motion to certify interlocutory appeal (Doc. No. [170]) is **DENIED.**

Dated: March 16, 2023         s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge