IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TAMMY BABBITT and WILLIAM CARTER, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 20-cv-00490-DWF-ECW |

**JOINT MOTION TO MODIFY SCHEDULING ORDER**

Plaintiffs Tammy Babbitt and William Carter, individually and on behalf of other similarly situated individuals ("Plaintiffs"), and Defendant Target Corporation ("Defendant") (together, the "Parties"), by and through their undersigned counsel, jointly move the Court for an order modifying the current Pretrial Scheduling Order (Dkt. No. 363) (the "Order").

Specifically, the current deadline for the Parties to complete the initial stage of post-certification discovery – the "Sample Discovery Process" – is May 31, 2024. Order at 4. The Parties respectfully request, for the good cause described below, that this deadline be extended to September 19, 2024. In support of this motion, and pursuant to Local Rule 16.3(b)-(c), the Parties state as follows:

1. The Court issued its "Pretrial Scheduling Order (Post-Conditional Certification Discovery)" (Dkt. No. 363) (the "Order") on January 29, 2024.

2. As previously discussed by the Court at the December 13, 2023 status hearing, the

Order directs the Parties to conduct post-certification discovery in a staged process. Specifically, the Order directs the Parties first to complete a "Sample Discovery Process." Order at 3-4.

3. The Sample Discovery Process requires the Parties to select 30 opt-in plaintiffs (10 chosen by Plaintiffs, 10 chosen by Defendant, and 10 chosen randomly) to respond to Defendant's written discovery requests. Order at 3. The discovery will consist of up to ten interrogatories and ten requests for production to each chosen opt-in. *Id.* Plaintiffs in turn may serve corresponding written discovery on each selected opt-in plaintiff's supervisor while employed as an ETL at Target (up to 30 supervisors). *Id.*

4. Additionally, following the completion of written discovery, Defendant may choose 10 of the 30 Sample Discovery Process opt-in plaintiffs to appear for deposition (subject to a 6-hour time limitation for each). Plaintiffs in turn are entitled to take the depositions of 10 supervisors of the 10 opt-ins chosen for deposition by Defendant. The current deadline to complete this Sample Discovery is May 31, 2024. *Id* at 4.

5. As directed by the Court, the Parties have acted diligently and in good faith to comply with the Sample Discovery deadline contained in Order. The Parties quickly exchanged their 10 respective selections for the Sample Discovery Process, met and conferred regarding the process for selecting the 10 randomly-selected opt-ins, and cooperatively finalized a list of 30 opt-in plaintiffs for Sample Discovery.

6. The Parties then exchanged written discovery requests. As is common in FLSA discovery, and as the Order itself contemplates, some opt-in plaintiffs either never responded to discovery requests, or were initially responsive and then subsequently

became non-responsive. Per the terms of the Order, the Parties quickly identified replacement opt-ins and issued new discovery requests. As of this filing, twenty (20) Plaintiffs have responded to discovery; three Plaintiffs have requested extensions, but have yet to provide discovery responses; six Plaintiffs have been replaced, and therefore their discovery responses are not yet due; and Plaintiffs are in the process of identifying one final replacement opt-in for inclusion in the sample, and therefore discovery requests have yet to be served on that individual.

7. The Parties have also met and conferred in good faith and diligently to discuss Defendant's production regarding each of the 30 Sample Discovery Plaintiffs, including ESI. Defendant has been acting diligently and in good faith to produce the relevant and responsive documents in a manner that the Parties agree is both complete and efficient. The parties are in the process of conferring regarding search terms for electronic mail, after which Defendant will be able to produce additional relevant and responsive documents.

8. The primary reason the Parties seek the extension requested herein is the completion of the depositions. As briefly described above, the Order contemplates that the Sample Discovery Process will include up to 20 individual depositions. However, prior to the depositions taking place, the written components of the Sample Discovery Process must be completed. Specifically, before Defendant can select its 10 deponents, it requires the complete set of discovery from each of the 30 selected opt-in Sample Discovery plaintiffs. As discussed above, the completion of this segment depends in large part on the responsiveness of the individual plaintiffs, and the Parties

have been working diligently to finalize these requests. Similarly, after the ten deponents have been selected, Defendant will need to complete its production for each deponent and a corresponding supervisor.

9. The Parties also believe that planning and scheduling 20 depositions, particularly where the group of potential deponents is comprised of a nationwide group and where the Parties must schedule the depositions through summer months, will require time and resources.

10. The Parties further represent that their request will have only a slight impact on the current case schedule deadlines. In addition to the May 31, 2024 deadline for the completion of Sample Discovery, the Order only directs that any non-dispositive motions and supporting documents related to Sample Discovery be filed and served by June 14, 2024. Order at 4. The Parties propose resetting this deadline until October 4, 2024. After the October 4 deadline, the Parties would, as the Order already contemplates, request a hearing to discuss the terms and timing of the next discovery phase.

11. Finally, the Parties have made no earlier requests to extend Sample Discovery and, for the reasons described above, make this request in good faith and for no improper purpose.

12. Per the Court's rules, a Proposed Order is attached. A Word version of the Proposed Order has also been sent to Chambers.

| | |
|---|---|
| Dated:  Rye Brook, New York<br>May 10, 2024 | Dated: Minneapolis, Minnesota<br>May 10, 2024 |
| Respectfully submitted, | |
| By:  s/Seth R. Lesser<br>Seth R. Lesser<br>Christopher M. Timmel<br>KLAFTER LESSER LLP<br>Two International Drive, Suite 350<br>Rye Brook, NY 10573<br>Tel: (914) 934-9200<br>Fax: (914) 934-9220<br><br>David A. Roth<br>Marc S. Hepworth<br>Charles Gershbaum<br>Rebecca S. Predovan<br>HEPWORTH GERSHBAUM<br>& ROTH, PLLC<br>192 Lexington Avenue, Suite 802<br>New York, NY 10016<br>Tel: (212) 545-1199<br><br>Richard E. Hayber<br>HAYBER, MCKENNA &<br>DINSMORE, LLC<br>750 Main Street, Suite 904<br>Hartford, CT 06103<br>Tel: (860) 920-5362<br><br>Rachhana T. Srey, MN Bar # 340133<br>NICHOLS KASTER, PLLP<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 256-3200<br><br>*Counsel for Plaintiffs and Opt-in Plaintiffs* | By:  s/Joseph G. Schmitt<br>Joseph G. Schmitt (Reg. No. 231447)<br>Courtney Ward-Reichard (Reg. No. 2323<br>NILAN JOHNSON LEWIS PA<br>250 Marquette Avenue<br>Minneapolis, MN 55401<br>Telephone: (612) 305-7500<br><br>Jeffrey D. Wohl (admitted pro hac vice)<br>PAUL HASTINGS LLP<br>101 California Street, 48th Floor<br>San Francisco, California 94111<br>Telephone: (415) 856-7000<br><br>Sara B. Tomezsko<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br><br>*Attorneys for Defendant*<br>*Target Corporation* |