## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

TAMMY BABBITT and
WILLIAM CARTER, individually
and on behalf of other
similarly situated individuals,

        Plaintiffs,

v.

TARGET CORPORATION,

        Defendant.

Case No. 20-cv-490 (DWF/ECW)

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Amended

Complaint (Dkt. 373) ("Motion"). For the reasons set forth below, the Court denies the

Motion.

## I.    FACTUAL BACKGROUND

**A.    This Action**

On February 11, 2020, Plaintiffs initiated this putative collective action on behalf

of themselves and other similarly situated individuals who have worked for Defendant

Target Corporation ("Target" or "Defendant") as exempt Executive Team Leaders

("ETLs"). (Dkt. 1 ¶¶ 2-3.) Plaintiffs Tammy Babbitt ("Babbitt") and William Carter

("Carter") (collectively, "Plaintiffs") are the named Plaintiffs.[1] Plaintiffs and the putative

collective members assert that "Target has misclassified Plaintiff, and other ETLs in

---

[1]    Babbitt and Carter were substituted as named Plaintiffs on April 12, 2021. (Dkt.
48.)

these positions, as exempt under federal **and state overtime laws** and has failed to pay them overtime pay for hours worked beyond forty (40) in a workweek" in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). (*Id.* ¶¶ 4-5 (emphasis added).) While the pleading references state law misclassifications, no state law claims were asserted in the operative Complaint.

On June 19, 2020, the parties filed their Joint Rule 26(f) Report. (Dkt. 13.) With respect to motions to amend, the parties agreed that "all motions that seek to amend the pleadings or to add parties must be filed and served on or before two months after the lifting of the stay of this case." (*Id.* at 16.) As part of this Rule 26(f) Report, the parties were required to state any plan for any party to amend the pleadings or add parties. (Dkt. 13 at 2.)[2] Plaintiffs made no mention of amending the Complaint to add class allegations, state law claims, or any parties. (*Id.*)

On June 22, 2020, United States District Judge Donavan W. Frank stayed the present matter for 60 days or until the court in the related *Jibowu v. Target Corporation*, Case 1:17-cv-03875 (S.D.N.Y.), ruled on Jibowu's then-pending motion for conditional certification, whichever was earlier. (Dkt. 16.) On June 25, 2020, this Court cancelled the scheduled June 26, 2020 Rule 16 pretrial conference, stated that it would hold the conference once the stay was lifted, and ordered the parties to file an updated Rule 26(f) report within 14 days after lifting of the stay. (Dkt. 18.)

---

[2] Unless stated otherwise, the references to page citations in this Order are those assigned by CM/ECF.

The stay in this case was lifted on September 30, 2020.  (Dkt. 22 at 2).  On March 26, 2021, the parties filed their updated Rule 26(f) Report.  (Dkt. 38.)  Again, the parties agreed that "all motions that seek to amend the pleadings or to add parties must be filed and served on or before two months after the lifting of the stay of this case."  (*Id.* at 8.)  This would have made the deadline for motions to amend the pleadings November 29, 2020.  Again, as part of this Rule 26(f) Report, the parties were required to provide any plan by any party to amend the pleadings or add parties, and Plaintiffs again made no mention of amending the Complaint to add class allegations, state law claims, or any parties.  (Dkt. 38 at 2.)

On April 8, 2021, the Court issued its initial Pretrial Scheduling Order (Phase I).  (Dkt. 44.)  The Scheduling Order did not contain any deadlines with respect to motions to amend the pleadings.

Prior to the Court's Order on the Motion for Notice and Conditional Certification (Dkt. 83), lead representative Babbitt, who worked for Target in Minnesota, joined this case on March 6, 2020 (Dkts. 5-1, 85 at 11); lead representative Carter, who worked for Target in New Jersey and Pennsylvania, signed his consent form in June of 2020, and joined this case on November 19, 2020 (Dkts. 32-1, 85 at 11); opt-in Plaintiff Paul Schulze, who worked for Target in Ohio, joined this case on April 5, 2021 (Dkts. 42-1, 85 at 11); and opt-in Plaintiffs Shantale Higginson, Kristine Gresswell, and Steven Gonzales, who all worked for Target in California, all joined this case on or before September 2021 (Dkts. 40-1, 53-1, 85 at 11, 125-1).

On March 28, 2022, this Court issued an Order conditionally certifying a nation-wide FLSA collective of ETLs.  (Dkts. 155, 158.)  This Order was affirmed by Judge Frank on August 24, 2022.  (Dkt. 167.)  On September 29, 2022, Target filed Defendant's Motion to Certify for Interlocutory Appeal the Court's August 24, 2022 Order (Dkt. 167), Affirming and Adopting the Magistrate Judge's March 24, 2022 Order (Dkts. 155, 158), pertaining to the grant of the conditional FLSA collective.  (Dkt. 170.)  This Motion was denied by Judge Frank on March 16, 2023.  (Dkt. 191.)

On February 2, 2024, the Court issued an Order regarding notice to potential members of the conditional FLSA collective.  (Dkt. 190.)  On March 30, 2023, Plaintiffs began filing their first batch of post-notice opt-in forms, including opt-ins from California, Minnesota, New Jersey, Ohio, and Pennsylvania.  (Dkts. 194, 194-1, 380 ¶ 12.)

Relevant to the present Motion, opt-in Plaintiff Marijke Myland from Minnesota joined this case on April 3, 2023 (Dkt. 198); opt-in Plaintiff Zachary Glynn from California joined this case on April 6, 2023 (Dkt. 202); opt-in Plaintiff John Wood from Ohio joined on April 11, 2023 (Dkt. 205); opt-in Plaintiff Joseph Messeck from New Jersey joined on April 13, 2023 (Dkt. 207); and opt-in Plaintiff Nicholas Raddatz from Pennsylvania joined on June 6, 2023 (Dkt. 260).  (*See also* Dkt. 373-4 at 6-7.)

The opt-in deadline for the collective expired on December 11, 2023.  (Dkt. 358.)

On January 5, 2024, the parties filed a Continued Rule 26(f) Report pertaining to post-conditional certification discovery.  (Dkt. 361.)  Plaintiffs did not indicate any intent to amend the pleadings in the Continued Rule 26(f) Report.  (*See id.*)

4

On January 29, 2024, the Court issued its Pretrial Scheduling Order (Post-Conditional Certification Discovery).  (Dkt. 363.)  The Court's Scheduling Order provided no specific deadline for motions to amend the pleadings and instead stated that "[a]ll non-dispositive motions and supporting documents, including those that relate to sample fact discovery, shall be filed and served on or before June 14, 2024."  (*Id.* at 4.)

This Scheduling Order also provided for sample discovery regarding the FLSA collective of ten opt-ins of Plaintiffs' choosing, ten randomly selected opt-ins, and ten opt-ins chosen by Target, followed by another discovery phase involving expanded discovery into a broader section of the opt-in group.  (*Id.* at 3.)  After the Sample Discovery Phase is complete and the parties have resolved any common discovery issues, then more targeted discovery will take place during the Second Discovery Phase.  (*Id.* at 4-5.)

On the parties' joint motion, on May 14, 2024, the Court extended the deadline to complete sample discovery to September 19, 2024 and also ordered that "[a]ll non-dispositive motions and supporting documents, including those that relate to sample fact discovery, shall be filed and served on or before October 4, 2024."  (Dkt. 368.)

The parties are presently engaged in sample discovery, and Target has recently filed a Motion to Compel Discovery that is scheduled to be heard by the Court on January 27, 2025.  (Dkts. 368, 392, 402.)

Plaintiffs filed the present Motion to Amend on August 19, 2024, and the Court heard argument on the Motion to Amend on October 31, 2024.  (Dkts. 373, 386.)  The proposed amended complaint adds class allegations under Rule 23 of the Federal Rules of

Civil Procedure and lists Myland (Minnesota), Glynn (California), Raddatz (Pennsylvania), Messeck (New Jersey), and Wood (Ohio) as Plaintiffs and class representatives for their respective state-law claims. (Dkt. 373-4 ¶¶ 9-15, 54-78.) The proposed amended complaint asserts the following additional counts: (Count 2) a failure to pay the California Class and Glynn overtime under the California Labor Code, Cal. Lab. Code §§ 201-204, 226, 510, 1194, 1194.5, IWC Wage Orders #1-2001 through #17-2001, Cal. Bus. & Prof. Code § 17200, et seq.; (Count 3) a failure to pay the Ohio Class and Wood overtime under the Ohio overtime compensation statute, O.R.C. § 4111.03, Ohio's Prompt Pay Act, §4113.15, and Ohio's statute regarding Civil Violations for a Criminal Act, § 2307.60; (Count 4) a failure to pay the Pennsylvania Class and Raddatz overtime under the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, et seq.; (Count 5) a failure to pay the New Jersey Class and Messeck overtime under the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.2, et seq., §§ 34:11-56a, et seq., §§ 12:56-6.1, et seq.; and (Count 6) a failure to pay the Minnesota Class and Myland overtime under the Minnesota Fair Labor Standards Act, Minn. Stat. §§ 177.21-.35.

## B.    Related *Jibowu* Action

On June 28, 2017, the plaintiffs in the *Jibowu* case filed a complaint pleading claims for exempt ETLs under the FLSA and the laws of Illinois and New York. (Dkt. 380 ¶ 2.) In June 2019, the *Jibowu* plaintiffs moved for conditional certification of their proposed collective under the FLSA. (*Id.* ¶ 2.) In September 2020, the court in *Jibowu* conditionally certified a collective covering a limited number of Target stores where the

named and then-opt-in plaintiffs worked. (*Id.* ¶ 4.) The *Jibowu* court also granted

Target's summary judgment on certain of the plaintiffs' claims under Illinois law. (*Id.*)

After this Court issued its March 28, 2022 Order certifying a nation-wide

collective of ETLs in this case, Target and the *Jibowu* plaintiffs agreed to stay that case

pending further developments in the present action. (*Id.* ¶ 6.) *Jibowu* remained stayed

for over two years. (*Id.*)

After the stay was lifted in the *Jibowu* action, those plaintiffs successfully moved

to transfer the action to the District of Minnesota. (*Id.* ¶ 7.) The *Jibowu* action was

transferred to this District on November 14, 2024 and then re-assigned to Judge Frank

and the undersigned as a related case. *See Jibowu v. Target Corporation*, Case No. 24-

cv-04189 (DWF/ECW), Dkt. 194 (Nov. 14, 2024); *id.*, Dkt. 196 (Nov. 18, 2024). During

a December 10, 2024 status conference, counsel represented that they would be

coordinating the *Jibowu* action with this action. *See id.*, Dkt. 212 (Dec. 10, 2024).

Counsel in *Jibowu* will file a proposed schedule for that action within 7 days after the

Court issues an order on the Motion to Compel in this action. *See id.*, Dkt. 221 (Dec. 30,

2024); *id.*, Dkt. 220 (Dec. 30, 2024).

## II.    LEGAL STANDARD

### A.    Rule 15

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give

leave [to amend] when justice so requires." The determination as to whether to grant

leave to amend is entrusted to the sound discretion of the trial court. *See, e.g.*, *Niagara of

Wisc. Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th

Cir. 1986) (citation omitted).  The Eighth Circuit has held that although amendment of a pleading "should be allowed liberally to ensure that a case is decided on its merits . . . there is no absolute right to amend."  *Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650-51 (8th Cir. 1996) (citing *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989); *Chesnut v. St. Louis Cnty.*, 656 F.2d 343, 349 (8th Cir. 1981)).

Denial of leave to amend may be justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted) ("A district court's denial of leave to amend a complaint may be justified if the amendment would be futile.").

## B.    Rule 16

Under Rule 15(a), leave to amend should be granted liberally, if "justice so requires."  However, the Eighth Circuit has held that when a party has filed a motion to amend the complaint after the deadline provided in a court's pretrial scheduling order, then the court may properly require, pursuant to Federal Rule of Civil Procedure 16(b), that good cause be shown for leave to file a pleading that is out of time with that order. *See Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (citing *In re Milk Prod. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999)).  "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal

Rules of Civil Procedure." *In re Milk Prod. Antitrust Litig.*, 195 F.3d at 437-38 (citation omitted).

Scheduling orders pursuant to Rule 16(b)(1) "assure[] that at some point both the parties and the pleadings will be fixed . . . ." Fed. R. Civ. P. 16(b), advisory committee's note to 1983 amendment. Moreover, "Rule 16(b) assures that '[a] magistrate judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril.'" *Archer Daniels Midland v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 582 (D. Minn. 1999) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, Local Rule 16.3 requires a party moving to modify a scheduling order to "establish good cause" for the proposed modification. Further, regarding the timing of when such a motion must be made, Local Rule 16.3(d) states, "[e]xcept in extraordinary circumstances, before the passing of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order. The hearing itself may take place after the deadline." "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (citing *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); *see also Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024) ("The movant's diligence in attempting to meet the case management order's requirements is the 'primary measure' of good cause."), *reh'g denied*, No. 22-2250, 2024 WL 1561617 (8th Cir. Apr. 11, 2024).

9

With these standards in mind, the Court turns to Plaintiffs' Motion.

### III.    ANALYSIS

Plaintiffs asserted the following basis as to why they seek amendment of the

Complaint to assert class claims:

> The present motion arises because when opt-ins joined this case earlier this
> year, various of them have become interested in proceeding in bringing Rule
> 23 class claims under their state FLSA analog statutes, potential claims that,
> following investigation, Plaintiffs believe are meritorious. Specifically, five
> such individuals who have joined this case as Opt-in Plaintiffs, Zachary
> Glynn, John Wood, Nicholas Raddatz, Joseph Messeck, and Marijke
> Myland, who are from, respectively California, Ohio, Pennsylvania, New
> Jersey, and Minnesota. They wish to step forward as class representatives to
> assert claims under their state laws.

(Dkt. 375 at 5.)

Plaintiffs argue that the proposed amendments are not dilatory under Rule 15,

claiming that the "fact is that until the opt-in period closed at the beginning of the year,

there were not even Plaintiffs from some of these States." (*Id.* at 7.) Plaintiffs also assert

that delay alone is insufficient to deny the Motion to Amend because the delay must have

resulted in unfair prejudice to the party opposing amendment, which they claim is lacking

here (even as to discovery presently proceeding in the present action), as these claims

will be litigated in this action, or in a related action to be filed; discovery is only presently

in the sample stage; and typically discovery is not allowed as to absent class members.

(*Id.* at 8-9.) Plaintiff also takes issue with any assertion that having FLSA claims and

state claims in the same action would result in confusion on the grounds that this

argument has been rejected by all appeals courts that have considered the issue. (*Id.* at

10-11.) According to Plaintiffs, the FLSA and state law overtime claims are not

materially different, as they all deal with the misclassification of ETLs as executives and the primary duty test, which they assert is the same test under the FLSA and the applicable state laws.  (*Id.* at 11-12.)

Target counters that Plaintiffs have failed to meet the good cause standard under Rule 16 for amending the pretrial scheduling order deadlines, as the deadline for amending pleadings has passed based on the parties' agreement in their Rule 26(f) Reports.  (Dkt. 379 at 10-16.)  With respect to Rule 15, Target argues that Plaintiffs have unduly delayed their state law claims by years, which unduly prejudice its ability to meet the Court's deadlines set by the scheduling order.  (*Id.* at 17-18.)  Specifically, Target asserts that the parties have already extended discovery and that new theories of recovery would make it even harder for it to meet the Court's deadlines to resolve the FLSA claims.  (*Id.* at 18-19.)  Target also argues that had Plaintiffs initially included the state law claims, it might have made different decisions in this case, including: whether it would have agreed to the 120-day stay in 2020 while the *Jibowu* court considered the certification motion in that case; how it approached its Rule 68 Offers of Judgement; how it negotiated phase-one discovery, sample discovery, or phase-two discovery; how it selected its sampling of opt-in Plaintiffs; and its decisions as to which claims to seek dismissal of at the initial summary judgment phase (in 2021).  (*Id.* at 19-21.)  According to Target, the new claims would result in unfair prejudice because they would require new discovery and enlarge the limitations period for the state-law claims by relating them back to the original Complaint.  (*Id.* at 19-25.)  Target also argues that some of the state law claims would be futile.  (*Id.* at 25-33.)

As a starting point, Rule 16 does not apply to analysis of whether the present Motion is timely.  Despite the parties' agreement in their Rule 26(f) reports, the Court inadvertently failed to include the parties' agreement that "all motions that seek to amend the pleadings or to add parties must be filed and served on or before two months after the lifting of the stay of this case," which would have made the deadline for motions to amend the pleadings November 29, 2020.  Instead, the only applicable deadline in the pretrial scheduling order is that "[a]ll non-dispositive motions and supporting documents, including those that relate to sample fact discovery, shall be filed and served on or before October 4, 2024."  (Dkt. 368.)  The present Motion and supporting materials were filed on August 19-20, 2024, before the deadline for nondispositive motions, which would include motions to amend the pleadings.

However, this does not end the analysis in terms of the timeliness of the Motion.  As stated previously, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party or unfair prejudice to the opposing party.  *See Sanders*, 823 F.2d at 216 (citation omitted).  Absent prejudice to the non-moving party or bad faith, delay alone is an insufficient justification to deny leave to amend.  *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *see also Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694-95 (8th Cir. 1981).  "Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment."  *See Bell*, 160 F.3d at 454 (citation omitted).

In this case, there has been needless delay by Plaintiffs in adding the proposed class claims and state overtime causes of action.  The gravamen of Plaintiffs' Motion is

that individuals who joined this case as opt-in FLSA Plaintiffs—Glynn, Wood, Raddatz, Messeck, and Myland, who are from California, Ohio, Pennsylvania, New Jersey, and Minnesota respectively—now wish to step forward as class representatives to assert claims under their state laws.  (Dkt. 375 at 5.)  However, the large majority of these Plaintiffs (save for Raddatz, who joined in June 2023) joined the present action in April 2023, well over a year before Plaintiffs filed the present Motion.

Moreover, the delay is compounded by the fact that other FLSA opt-in Plaintiffs from these states joined the action in 2020-2021, including: lead representative Babbitt, who worked for Target in Minnesota and joined this case on March 6, 2020 (Dkts. 5-1, 85 at 11); lead representative Carter, who signed his consent form in June of 2020, worked for Target in New Jersey and Pennsylvania, and joined this case on November 19, 2020 (Dkts. 32-1, 85 at 11); opt-in Schulze, who joined this case on April 5, 2021, and worked for Target in Ohio (Dkts. 42-1, 85 at 11); and opt-ins Higginson, Gresswell, and Gonzales, who all joined this case on or before September 2021 and all worked for Target in California (Dkts. 40-1, 53-1, 85 at 11, 125-1).

There is no good explanation why Plaintiffs needed to wait several years to assert the state wage class claims.  Plaintiffs argue that Court should not examine the delay from the perspective of counsel, but rather from the point of the view of the individual Plaintiffs, noting that it takes a person willing to sue their present or former employer and put their name on the caption of a federal lawsuit to assert those claims.  (Dkt. 381-1 at 9-10.)  The Court is not persuaded by this explanation given the absence of any evidence that the opt-in Plaintiffs were actually hesitant to become named plaintiffs as part of a

class action. *See generally Thompson-El*, 876 F.2d at 67-68 (citing *Stepanischen v. Merchs. Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)) (finding that when considerable time has elapsed between the initiation of the action and the motion to amend, the moving party must provide a valid reason for the belatedness of the motion). This excuse also does not explain why the early opt-in plaintiffs (as early as 2020) or named Plaintiffs Babbitt and Carter did not or could not have asserted the class action claims earlier in this case. Plaintiffs' decision to wait several years to bring claims available to them in 2020 and 2021 is undue delay.

Other facts further demonstrate Plaintiffs' undue delay. Plaintiffs **twice** agreed with Target that the deadline for motions to amend would be two months after lifting of the stay in this case—that is, December 7, 2020 (60 days after the stay was lifted on September 30, 2020). (Dkt. 13 at 16; Dkt. 38 at 2; Dkt. 22 at 1-2.) The undersigned's error in not including this agreed-upon deadline in a scheduling order issued months after the deadline had passed (on April 8, 2021) does not give Plaintiffs license to disregard the parties' agreement. Further, Plaintiffs' counsel admitted at the hearing that Plaintiffs "actually had putative classes at the time of the original filing" and that Plaintiffs could have included the possibility of amending to assert class claims in the Rule 26(f) reports. Indeed, the Complaint referenced unnamed state law misclassifications committed by Target (Dkt. 1 ¶¶ 4.) And Plaintiffs' counsel asserted such claims in the related *Jibowu* matter. Case No. 24-cv-4189 (DWF/ECW), Dkt. 1 ¶¶ 47-51, 70-82 (New York), ¶¶ 52-56, 83-91 (Illinois). In other words, Plaintiffs have known about the claims they seek to add to this action since the day they filed their Complaint on February 11, 2020, waited

four years to seek leave to amend, and—taking advantage of this Court's error—filed their motion over three years after the parties' agreed-upon deadline for motions to amend the pleadings. The Court has no question that Plaintiffs unduly delayed in seeking their amendment.

Having found undue delay, the Court must examine whether Plaintiffs' dilatory conduct was in bad faith or prejudiced Target. In considering the prejudice to Target, the Court must look at whether additional discovery would be required and whether the Court's docket would be adversely affected. *See Elema-Schonander, Inc. v. K.C.F. Medical Supply*, 869 F.2d 1124, 1126 (8th Cir. 1989); *see also Bell*, 160 F.3d at 454. "The burden of proof of prejudice is on the party opposing the amendment." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citation omitted). Here, Target argues that part of the prejudice to it in allowing the new class claims to proceed would be the need for additional discovery and that its approach to sample discovery would have been different. (Dkt. 379 at 18-22.) Plaintiffs counter in their reply that individualized discovery of the day-to-day activities of the class members is not allowed for absent class members and that Target would be able to obtain what it needs as part of the second-stage discovery process of the FLSA collective, which could include discovery from the five individuals who seek to be named as class representatives (Myland, Glynn, Raddatz, Messeck, and Wood). (Dkt. 381-1 at 5-7.)

Without making any decision as to the propriety of discovery into absent class members, the Court notes that courts within this District have allowed it under appropriate circumstances. *See*, *e.g.*, *In re Cattle*, No. 22-MD-3031 (JRT/JFD), 2023 WL

11984983, at *3 (D. Minn. Aug. 7, 2023); *Robin Drug Co. v. PharmaCare Mgmt. Servs., Inc.*, No. CV 03-3397 (DSD/JJG), 2006 WL 8445130, at *3 (D. Minn. July 5, 2006).  In other words, it is not a certainty that Target could not have obtained discovery into absent class members earlier in this case, for example to assess whether the proposed class meets the requirements for certification, had Plaintiffs brought their proposed class claims in a timelier manner.  Moreover, this case was filed in February 2020, almost five years ago, and Target has made numerous decisions in this case relating to discovery and initial summary judgment motions based on the original Complaint and the parties' agreed-upon deadline for amending the pleadings.  Finally, the Court is not persuaded that granting leave to amend would not delay adjudication of this case—including as to the claims filed almost five years ago.  Target has made clear its intent to move to dismiss some or all of the proposed claims, and the parties already have a likely dispute regarding discovery into the absent class members.  The Court concludes that Target would be unfairly prejudiced if the class action allegations and claims were allowed to proceed in the present action.[3]

On the other hand, the Court finds no prejudice to the Plaintiffs by denying the Motion.  Plaintiffs have already conceded as part of the present Motion that the starting date for the state classes' statutes of limitations in the Amended Complaint would have

---

[3]    Having found undue delay and unfair prejudice, the Court does not reach the issue of bad faith—other than to say that it is unclear how delaying over four years to bring claims, making and then breaking an agreement as to the deadline to amend the pleadings, and declining to mention even the possibility of doing so could be in good faith.

been the date of this Order had the Court granted the Motion. (Dkt. 381-1 at 8.) And Plaintiffs' counsel stated at the hearing that Plaintiffs would not be prejudiced if the Court denies this Motion and required the new claims to be filed as a separate action. Finally, even if there is prejudice to Plaintiffs, it is their counsel who decided to wait years to assert these proposed claims and decided not to inform Target or the Court that they might seek leave to amend such claims until over four years after this action began. While counsel suggested at the hearing that Rule 15 requires the parties themselves to have unduly delayed (not their lawyers), Plaintiffs cited no law to support this position. Absent any supporting case law, the Court rejects this distinction. *See Iman v. Am. Home Furniture Placement*, 120 F.3d 117, 118 (8th Cir.1997) ("Litigants choose counsel at their peril."); *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) ("It is a 'well-established principle that a party is responsible for the actions and conduct of his counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions.'") (quoting *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236, 241 (8th Cir.1977)).

In fact, the Court believes that Plaintiffs—including those who are not from the proposed class states (*see*, *e.g.*, Dkt. 85 at 11-12 (listing Plaintiffs from Texas, Oregon, Oklahoma, and Arkansas))—would benefit from a resolution of their FLSA class claims in an expeditious as possible manner. *See Dietz v. Bouldin*., 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *see also* Fed. R. Civ. P. 1. Nothing in this Order precludes Plaintiffs from filing a separate action

17

asserting their state class allegations (as counsel did in *Jibowu*). In sum, Plaintiffs' undue delay and resulting prejudice to Target weigh against granting leave to amend. *See* Fed. R. Civ. P. 15. The likely delay in resolving the FLSA claims of all Plaintiffs, and in particular Plaintiffs from non-proposed class states, further weighs against amendment. For these reasons, the Court denies the Motion to Amend.[4]

## IV.    ORDER

For all these reasons, and based on all the files, records, and proceedings herein, **IT IS ORDERED THAT:** Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. 373) is **DENIED**.

DATED: January 10, 2025                          *s/Elizabeth Cowan Wright*
                                                 ELIZABETH COWAN WRIGHT
                                                 United States Magistrate Judge

---

[4]    Because the Court has denied this Motion on other grounds, it does not reach the issue of futility as to the state law claims. If a new action and a motion to dismiss are filed, that issue can be addressed at that time.