# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| TAMMY BABBITT and WILLIAM CARTER, individually and on behalf of other similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 20-cv-00490-DWF-ECW<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS NON-RESPONSIVE OPT-IN PLAINTIFFS AND TO ADOPT THE SAME STREAMLINED DISMISSAL PROTOCOL USED IN SAMPLE-PHASE DISCOVERY** |

4928-2393-8717.2

## I.    INTRODUCTION

Plaintiffs' opposition (Dkt. 518 ("Opp'n")) does not dispute the core facts: 14 opt-in plaintiffs affirmatively chose to join this Fair Labor Standards Act ("FLSA") collective action, meaning they each voluntarily took on full-party status with corresponding discovery responsibilities. Each of these opt-in plaintiffs were expressly advised of their discovery obligations, were warned by this Court that failure to participate in discovery could result in dismissal, received extensions of time to respond to their discovery obligations, and nevertheless failed to provide any discovery responses. None of these opt-in plaintiffs have provided any explanation for their failure to comply with their discovery obligations. The complete nonparticipation of these opt-in plaintiffs has prejudiced Target by disrupting the integrity of the discovery process, requiring Target to replace randomly selected opt-ins and re-start discovery with new opt-ins, thereby distorting the evidentiary pool and delaying the case.[1]

Instead of disputing these facts, plaintiffs attempt to recast a routine and fair case-management process—a process that *they already agreed to* (Dkt. 450) and the Court *already adopted and used* in dismissing non-responsive opt-ins (Dkt. 470)—as "draconian" and a due process violation. Their arguments misstate the governing legal standards and would improperly allow opt-in plaintiffs to disregard their discovery obligations without consequence. The Court should not allow this unfair result.

---

[1] Since Target has filed its motion, 17 additional opt-in plaintiffs have failed to comply with their discovery obligations. Unless they agree to drop from the case, Target will file another motion seeking their dismissal as well.

4928-2393-8717.2

Rule 41(b) exists precisely for this situation. Because these opt-ins have failed to prosecute their claims and comply with their discovery obligations despite being warned of the consequences, dismissal with prejudice is warranted. The Court should also adopt the previously agreed-upon and approved streamlined dismissal protocol to efficiently address similar noncompliance going forward.

## II.    ARGUMENT

### A.    The 14 Non-Responsive Opt-Ins Should Be Dismissed with Prejudice.

As Target explained (Dkt. 507 ("Mot.") at 4), this Court—as well as other courts within the Eighth Circuit—have repeatedly recognized that "[o]pt-in plaintiffs, who affirmatively choose to participate in a collective action, have an obligation to participate in discovery." *See Soderberg v. Naturescape, Inc.*, 2011 WL 13244743, at *2 (D. Minn. Sept. 20, 2011); *Brennan v. Qwest Commc'ns Int'l, Inc.*, 2009 WL 1586721, at *8 (D. Minn. June 4, 2009) ("Having affirmatively opted into this action, these plaintiffs, through their counsel, have agreed to the discovery procedure at issue. As such, they cannot sit on the side-lines and ignore discovery obligations imposed by this Court.") (cleaned up); *see also Morales v. Farmland Foods, Inc.*, 2011 WL 7077232, at *5 (D. Neb. Dec. 15, 2011) ("There is nothing in the nature of collective actions or in the 'spirit' of the FLSA that would allow plaintiffs to flout their individual discovery obligations.") (cleaned up), *report and recommendation adopted*, 2012 WL 182186 (D. Neb. Jan. 23, 2012). Nowhere in their opposition do plaintiffs dispute that, unlike an absent member of a certified class, each opt-in plaintiff in this collective action has full-party status with corresponding discovery responsibilities of a named plaintiff. *See Borup v. CJS Sols. Grp., LLC*, 333 F.R.D. 142,

148 (D. Minn. 2019) ("In a FLSA collective action, each opt-in member is a party plaintiff, giving them the same status in the case as the named plaintiff.").

Target also explained (Mot. at 4-6)—and plaintiffs do not dispute—that dismissal is appropriate under Rule 41(b) if a plaintiff fails to prosecute his or her claim, "or to comply with the Federal Rules of Civil Procedure or any court order." *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (*per curiam*). Nor do plaintiffs dispute that dismissal under Rule 41(b) is proper if opt-in plaintiffs "exhibit[] a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000); *compare* Opp'n at 3-4 *with* Mot. at 4-5 (citing the same cases and standards).[2]

Instead, plaintiffs argue that the non-responsive opt-ins do not meet the standard of dismissal under Rule 41(b) (*see* Opp'n at 6-9), dismissal is premature and Target has not yet been prejudiced by those opt-ins who have chosen not to comply with their discovery obligations (*see* Opp'n at 9-11, 13-5). None of plaintiffs' arguments withstand scrutiny.

### 1. The Non-Responsive Opt-Ins Have Violated the Federal Rules of Civil Procedure and Exhibited a Pattern of Intentional Delay.

Plaintiffs argue (Opp'n at 6-9) that the non-responsive opt-ins cannot be dismissed under Rule 41(b) because "there is no court order being defied," they have not yet

---

[2] Plaintiffs do not meaningfully dispute that Rule 41(b) is a proper vehicle to dismiss an opt-in who remains non-responsive. Plaintiffs only observe that between Rule 37 and a court's "inherent authority," Rule 37 should be used to guide the court's dismissal analysis as a discovery sanction. (*See* Opp'n at 4, n.2.) But plaintiffs do not explain why Rule 41(b) is improper where—like here—an opt-in has shown no interest in prosecuting his or her claim. Indeed, as Target showed (Mot. at 4-5), Rule 41(b) is often cited as basis to dismiss opt-in plaintiffs who do not comply with their discovery obligations.

demonstrated a "pattern" of extremely bad behavior, and they must be given an opportunity to cure their deficiencies. These arguments are incorrect as a matter of law and fact.

As an initial matter, Rule 41(b) permits dismissal where a plaintiff fails to pursue their claim or to comply with the Federal Rules—there is no requirement that the plaintiff violates a specific court order. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff *fails to prosecute or to comply with these rules* or a court order, a defendant may move to dismiss the action or any claim against it.") (emphasis supplied); *Henderson*, 267 F. App'x at 497 (same). Here, plaintiffs do not dispute that the Federal Rules of Civil Procedure outline each party's obligations with respect to written discovery. *See* Fed. R. Civ. P. 33, 34. Plaintiffs also do not dispute that each non-responsive opt-in plaintiff has violated these Rules not only by failing to provide adequate responses, but also by failing to provide any response whatsoever. This complete nonparticipation is sufficient to establish failure to prosecute and violation of the Rules under Rule 41(b).

Plaintiffs' suggestion that the non-responsive opt-ins have not violated any Court directive is also factually incorrect. The Court's Scheduling Order governing second-phase discovery requires participation by selected opt-ins and provides that any opt-in who "fails or refuses to participate in written discovery will be replaced," and "may be subject to dismissal from the case." *See* Dkt. 363 at 5. The 14 opt-ins at issue have done exactly that— they have failed entirely to participate in written discovery. Their conduct therefore does not merely reflect passive delay; it is directly contrary to the discovery framework ordered by the Court and confirms that they are not prosecuting their claims.

4

Moreover, plaintiffs' suggestion (Opp'n at 7 & n.4) that the non-responsive opt-ins should not be dismissed because they have not demonstrated "patterns of bad behavior," "bad faith or contempt," or "subterfuge or deceit" ignores the legal standard for dismissal. Only intentional delay is required. *See Hunt*, 203 F.3d at 527 (Rule 41(b) is proper if opt-in plaintiffs "exhibit[] a pattern of intentional delay"). There can be no dispute that the non-responsive opt-ins who made the decision to pursue claims against Target have engaged in repeated delay. Each opt-in failed to meet their original discovery deadline, received an extension, and still failed to respond. That repeated noncompliance constitutes a pattern— not a one-time lapse. And the opt-ins have not provided any explanation for their refusal to respond to discovery, nor provided any assurances that they would, eventually, respond to discovery at all. As Target's cited cases make clear (Mot. at 5-6), failing to remain engaged in litigation that a plaintiff chooses to bring is, in fact, an intentional act that justifies dismissal of their claims. *See Oakes v. J.F. Bernard, Inc.*, 2012 WL 3552651, at *2 (N.D. Ohio Aug. 1, 2012) (dismissing opt-in plaintiff under Rule 41(b) because opt-in "is at fault, at a minimum, for failing to maintain contact with his attorney so that he could stay informed regarding his case"); *Morales*, 2011 WL 7077232, at *6 ("The failure to participate in the case or stay in communication with counsel, after agreeing to do so, is evidence of intentional conduct."); *Doornbos v. Pilot ravel Centers, LLC*, 2008 WL 4764334, at *3 (E.D. Tenn. Oct. 27, 2008) (dismissing opt-in plaintiffs under Rule 41(b) because they "neglected their duties as participants in [the] litigation"). Plaintiffs' attempt

5

to characterize these individuals as merely temporarily "absent" ignores that they have wholly abandoned their obligations in this case.[3]

Finally, plaintiffs' argument that the non-responsive opt-ins cannot be dismissed until they receive a final warning from the Court is wrong. These opt-ins have already received ample notice of their obligations and the consequences of noncompliance. As set forth in Target's opening brief, they were informed through the Court-approved notice that participation in discovery would be required, were expressly warned by the Court's Scheduling Order that failure to respond could result in dismissal, and were each granted additional time to comply with their obligations. *See* Mot. at 1-4. Plaintiffs' own opposition confirms that their counsel likewise had been warning these opt-ins about the importance of responding and the potential consequences of noncompliance. *See* Opp'n at 6-7. Rule 41(b) does not require the Court to issue yet another warning before dismissing plaintiffs who have already ignored their obligations. *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962) (holding that "the absence of notice as to the possibility of dismissal" does not preclude dismissal under Rule 41(b)); *Hunt*, 203 F.3d at 527 ("admonitions" of an impending dismissal "are not necessary to sustain a Rule 41(b) dismissal"). The non-

---

[3] Plaintiffs try to distinguish Target's cases (Opp'n at 8) by pointing to immaterial factual distinctions. But each of Target's cases makes clear that courts routinely dismiss opt-in plaintiffs who fail to satisfy their discovery obligations. Plaintiffs' own cases (Opp'n at 2-3) where dismissal was reversed are themselves materially different because, unlike this case, the dismissals were based on reasons that the record made clear outside the plaintiffs' control. *See DiMercurio v. Malcom*, 716 F.3d 1138, 1139-40 (8th Cir. 2013) (holding district court abused its discretion when "Mr. DiMercurio and his attorney faithfully prosecuted the case and obeyed court orders" until pre-planned trip conflicted with trial date that court refused to move).

6

responsive opt-ins have been given more than sufficient opportunity to participate and have nonetheless failed to take any action to prosecute their claims. Accordingly, the Court should dismiss them from this case.

### 2. Target Is Prejudiced by Opt-Ins Self-Selecting Out of the Case, and There Is No Reason to Delay Their Dismissal.

Plaintiffs also argue (Opp'n at 9-11, 13-15) that the Court should not dismiss the non-responsive opt-ins because discovery is "representative" and, therefore, it is premature for Target to argue that it has been prejudiced by the failure of 14 non-responsive opt-ins to participate in this case. In making this argument, plaintiffs fail to engage with Target's case law and ignore the impact non-responsive opt-ins have on the sampling process and extra costs imposed on Target.

As an initial matter, plaintiffs do not engage with Target's cited cases, which all recognize that the non-participation of opt-in plaintiffs in discovery undermines the integrity of the random sampling process. *See* Mot. at 6-7 (citing cases). Although the non-responsive opt-ins were randomly selected, their failure to respond self-selects them out of discovery, creating a substantial risk that the resulting record is skewed. As Target explained in its opening brief, courts recognize that the inability to obtain discovery from selected plaintiffs—particularly in the context of a representative case—prejudices a defendant's ability to prepare its defenses. *Id.* And, in any event, representative discovery does not excuse individual participation. Each opt-in plaintiff is a party and must comply with discovery obligations. *See* Mot. at 4. The representative nature of discovery limits the number of participants—not the obligation of those selected to participate.

7

Moreover, Target has already incurred concrete burdens in terms of incurring unnecessary costs related to delayed and, ultimately, non-existent discovery responses. For every non-responsive opt-in, Target must duplicate its efforts with replacement opt-ins, delaying discovery and increasing costs. This type of delay and inefficiency is itself cognizable prejudice that warrants dismissal under Rule 41(b). *See Rosenbohm v. Cellco P'ship,* 2020 WL 59530, at *3 (S.D. Ohio Jan. 6, 2020) ("Defendant is prejudiced by the 84 opt-ins' refusal to respond to the questionnaire, the least burdensome form of discovery," observing "[t]he key to finding prejudice in a dismissal for lack of prosecution is whether the defendants wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide") (cleaned up). Plaintiffs' proposal to defer dismissal until the end of discovery would only compound these harms. It would allow opt-ins to ignore their obligations without consequence during the discovery period, while forcing Target repeatedly to re-initiate discovery and revisit the same issue later through additional motion practice.[4] Rule 41(b) does not require such inefficiency.

None of plaintiffs' cases (Opp'n at 9-10) justify denying Target's request to dismiss the non-responsive opt-ins under Rule 41(b). Plaintiffs' cited cases do not address whether dismissal was appropriate under Rule 41(b), and none of them considered—let alone

---

[4] Notably, precisely this scenario played out during the initial phase of discovery in this matter. A number of opt-ins failed to participate in the discovery process after having been selected and having requested and received extensions. *See* Dkt. 451. The parties selected other opt-ins for discovery, and Target moved for dismissal of the non-responsive opt-ins pursuant to the protocol negotiated and agreed upon by the parties and ordered by the Court. *Id.* Plaintiffs then objected, stating that some of the opt-ins wanted to participate in discovery. *See* Dkt. 453. The Court nevertheless ordered that the opt-ins be dismissed. Dkt. 470.

8

4928-2393-8717.2

rejected—the prejudice arguments that Target makes now. Moreover, in each of the cases plaintiffs cites, there were additional equitable factors not presented here. For example, in most of plaintiffs' cited cases, the court expressly noted that the non-responsive plaintiffs *never* had been warned that their failure to participate in discovery could result in the dismissal of their case, which counseled against dismissal in those matters. *See Ayers v. SGS Control Servs., Inc.*, 2007 WL 646326, at *13 (S.D.N.Y. Feb. 27, 2007) (denying motion to dismiss, in part, because there was no evidence that opt-in plaintiffs "were all notified that failure to appear for a deposition would result in dismissal with prejudice") *Saleem v. Corp. Transp. Grp.*, 2013 WL 6331874, at *4 (S.D.N.Y. Dec. 5, 2013) (denying motion to dismiss, in part, because defendants' analogy to different case where dismissal was granted was "unpersuasive" because, in that case, "the Court warned them that failure to respond could result in dismissal"); *Evans v. Lowe's Home Centers, Inc.*, 2005 WL 2100708, at *1 (M.D. Pa. Aug. 29, 2005) (denying motion to dismiss, in part, because defendants' analogy to different case where dismissal was granted, was "clearly different" because, in that case, court had warned that failure to comply with discovery could result in dismissal). But, here, the non-responsive plaintiffs already have been warned twice of the potential for dismissal. *See* Mot. at 1-3.

In short, Target has established that it has been prejudiced by the non-responsive opt-in plaintiffs' decision to abandon their claims and they have been warned that such conduct could result in the dismissal of their claims. The non-responsive opt-in plaintiffs should be dismissed with prejudice under Rule 41(b).

4928-2393-8717.2

**B.      For Second-Phase Discovery, the Court Should Adopt the Same Dismissal Protocol the Parties Agreed to and the Court Adopted and Used for Sample-Phase Discovery.**

As Target explained (Mot. at 7-8), for second-phase discovery the Court should adopt the streamlined dismissal protocol the parties jointly negotiated and the Court adopted for sample-phase discovery. Plaintiffs now say (Opp'n at 11-13) that the protocol would violate the non-responsive opt-in plaintiffs' "due process" and otherwise be inequitable. Plaintiffs' criticisms are without merit.

As an initial matter, plaintiffs cite no case or otherwise articulate why the dismissal of an opt-in plaintiff who has failed to prosecute their claim violates "due process" or is otherwise inequitable. Indeed, the U.S. Supreme Court has confirmed that district courts have the power to dismiss a plaintiff's action under Rule 41(b) without any notice to the plaintiff. *Link*, 370 U.S. at 632 (1962) (holding that "the absence of notice as to the possibility of dismissal" does not render dismissal under Rule 41(b) "void" based on due process concerns); *see also Hunt*, 203 F.3d at 527 (same).

In any event, plaintiffs seem to agree that non-responsive opt-ins may be dismissed, so long as there is "a Court warning" and "a chance to cure" their deficiencies. *See* Opp'n at 12. These are the precise procedural safeguards that the parties' agreed-upon, court-approved protocol provides. It includes extensions, clear notice of the consequences of noncompliance, and an opportunity for opt-ins to cure deficiencies before dismissal. *See* Mot. at 2-3. Far from circumventing due process, the protocol provides a structured and efficient mechanism to enforce obligations that already exist under the Federal Rules and this Court's orders. Plaintiffs' attempt now to characterize that same protocol as

10

"draconian" is inconsistent with their prior position and unsupported by any principled distinction.

Lastly, plaintiffs try to argue that because some opt-ins may become responsive at some undetermined time in the future, the Court should deny Target's motion. But Rule 41(b) does not require courts to indefinitely delay enforcement of discovery obligations based on speculation. Accepting plaintiffs' position would render deadlines meaningless, prevent the orderly progression of the case, and increase the cost of litigation to the parties.[5]

The parties' agreed-upon protocol advances the Court's well-established authority to manage its docket efficiently, especially with respect to plaintiffs who fail to engage in litigation they brought. *Link*, 370 U.S. at 629. Without it, the parties and the Court will be required to expend substantial resources litigation dismissal motions. The protocol avoids that inefficiency while ensuring fair and consistent treatment of non-responsive opt-ins. Accordingly, the Court should order the parties to follow the same dismissal protocol entered for sample-phase discovery for second-phase discovery.

## III.   CONCLUSION

For these reasons, and those presented in Target's opening brief, Target asks the Court to grant its motion to dismiss with prejudice the 14 non-responsive opt-ins and enter an order adopting for second-phase discovery the same streamlined dismissal protocol the parties previously advanced and the Court adopted and used for sample-phase discovery.

---

[5] Plaintiffs distort the record by claiming five opt-ins subject to dismissal in the sample-phase of discovery became responsive "in a matter of weeks." Opp'n at 12. The five opt-ins plaintiffs refer to were, in fact, absent from this case for 11 to 19 months (Dkt. 455 at 2-3), and properly dismissed by this Court, over plaintiffs' objections. *See* Dkt. 470.

11

4928-2393-8717.2

Dated: May 27, 2026.                NILAN JOHNSON LEWIS PA

By: *s/ Joseph G. Schmitt*
    Joseph G. Schmitt
    Christopher A. Amundsen
    Courtney L. Burks
    NILAN JOHNSON LEWIS PA
    250 Marquette Avenue South, Suite 800
    Minneapolis, Minnesota 55401
    Telephone: (612) 305-7500
    Fax: (612) 305-7501
    jschmitt@nilanjohnson.com
    camundsen@nilanjohnson.com
    cburks@nilanjohnson.com

    Jeffrey D. Wohl (*pro hac vice*)
    NILAN JOHNSON LEWIS PA
    398 Primrose Road, Suite 225
    Burlingame, California 94010
    Telephone: (650) 437-7042
    Facsimile: (612) 305-7501
    jwohl@nilanjohnson.com

    Sara B. Tomezsko (*pro hac vice*)
    Daniel S. Richards (*pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    Telephone: (212) 318-6000
    Facsimile: (212) 319-4090
    saratomezsko@paulhastings.com
    danrichards@paulhastings.com

    ATTORNEYS FOR DEFENDANT
    TARGET CORPORATION

12

4928-2393-8717.2