# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

TAMMY BABBITT and WILLIAM
CARTER, Individually and on Behalf of
All Other Persons Similarly Situated,

0:20-cv-00490 (DWF/ECW)

Plaintiffs,

v.

TARGET CORPORATION,

Defendant.

EMANUEL BECERRA, MARIJKE
MYLAND, KRISTA IVY, TINA
MCBRIDE, LESLIE CUSSE, and DAVID
HARRIS, Individually and on Behalf of
All Other Persons Similarly Situated,

0:25-cv-00535 (DWF/ECW)

Plaintiffs,

v.

TARGET CORPORATION,

Defendant.

## JOINT STATUS REPORT

As directed by this Court, plaintiffs Tammy Babbitt and William Carter (in *Babbitt v. Target Corp.*), plaintiffs Emanuel Becerra, Marijke Myland, Krista Ivy, Tina McBride, Leslie Cusse and David Harris (in *Becerra v. Target Corp.*), and defendant Target Corporation ("Target") submit this joint report for the status conference scheduled in the two cases for June 12, 2026.

4927-4139-2784

I.     *Babbitt*

A.     **Pending and Anticipated Dispositive Motions**

On April 7, 2026, Target filed a motion to dismiss the non-responsive opt-in plaintiffs and to adopt the same streamlined dismissal protocol the parties used in sample-phase discovery. *See* Dkts.  505-510.  The motion is scheduled to be heard by Judge Frank on June 12, 2026.  *See* Dkt. 511.

Target plans to move for summary judgment on the claims of opt-in plaintiffs Nicholas McEneany and Daryhl Perry.  Target understands that both opt-in plaintiffs are deceased. Since March 13, 2026, Target has been asking plaintiffs' counsel for proper documentation showing that the opt-in consent forms of McEneany and Perry were executed by individuals with the legal authority to pursue a claim on behalf of the decedents; to date, Target has received no such documentation.

At this time, Plaintiffs dispute that summary judgment is warranted as to opt-in Plaintiffs Nicholas McEneany and Daryhl Perry. Plaintiffs' counsel has been working to obtain the documentation necessary to substantiate the authority of the representatives of the decedents' estates to pursue these claims and submits that any dispositive motion directed at these opt-ins is premature. Plaintiffs will continue to meet and confer with Target to resolve this issue without motion practice and if such documentation cannot be provided we will advise of same.

B.     **Second-Phase Discovery**

The second phase of discovery commenced in December 2025. Target served interrogatories and document requests on 346 randomly selected opt-ins (10% of the total

2

number of opt-ins per ECF No. 363), and 84 have responded to date. The parties agreed that remaining opt-ins may provide their responses in a staggered manner.  Per agreement of the parties, if an opt-in becomes non-responsive after a reasonable extension, Target serves a new set of discovery on another randomly selected opt-in.

Plaintiffs served their First Set of Interrogatories, Second Stage, on Target on January 22, 2026. Target served its responses on February 23, 2026, and amended responses on April 6, 2026.

Plaintiffs served their First Set of Second Discovery Phase Requests for Production of Documents and First Set of Second Discovery Phase Interrogatories on February 20, 2026. Target served its responses on April 6, 2026.

Both sides have raised concerns about the opposing side's discovery responses. The parties met and conferred on May 22, 2026, regarding deficiencies in plaintiffs' responses that Target raised on April 28, 2026. Plaintiffs agreed to supplement certain responses by June 25, 2026.  The parties also continue to meet and confer over additional issues related to pay data and to Target's responses.  The review of the sufficiency of Target's responses has been somewhat delayed as Plaintiffs have had difficulty uploading Target's production of documents responsive to these requests, which contain corporate discovery materials.  The Parties have been working cooperatively to address these issues.

Plaintiffs are reviewing the discovery provided so far, and will also be serving additional RFPs, ROGs and RFAs.

### C.    ESI Search Terms

Since December 18, 2025, the parties have engaged in multiple meet-and-confer

4927-4139-2784

sessions regarding ESI search terms for second phase discovery.  The parties require additional time to meet and confer and crystallize their positions. The parties propose that, in the event they cannot reach agreement, they present their ESI positions through written submissions of no more than three pages in length to the Court on July 6, 2026. The parties will be prepared on June 12, 2026, for the Court to set a date after July 6 that the parties may be heard on their ESI positions. Plaintiffs are amenable to presenting their written submission in an abbreviated format to formal motion practice, however, they do not intend to waive their right to appeal a decision on this issue.

### D. **Declarant Discovery**

A dispute remains between the parties concerning discovery relating to the 1,441 declarants Target identified in its initial disclosures. This is similar to the dispute raised in the parties' Second Supplemental Rule 26(f) Report filed in *Becerra*, which outlines the parties' positions on declarant discovery (*Becerra*, Dkt. 115 at 6-7). Plaintiffs believe Target's position, that it will provide declarations it intends to use 60 days prior to that use is problematic from a case management perspective in this action.  Whenever this occurs,  it is Plaintiffs' postion that 60 days will not be enough time to conduct discovery on the declarations.  The parties will be prepared to further address this issue at the status conference as it relates to both *Becerra* and *Babbitt*.

## II. *Becerra*

### A. **Second Supplemental Rule 26(f) Report**

Pursuant to the Court's instructions during the April 28, 2026, pretrial conference, counsel for the parties met and conferred on May 14, 2026, and filed a Second Supplemental

4

Rule 26(f) Report on May 19, 2026 (*Becerra*, Dkt. 115). While the parties were able to reach agreement on the majority of issues set out in the report, they outlined in the report their respective positions on the few issues on which they were unable to reach agreement: the scope of written fact discovery (*Becerra*, Dkt. 115 at 4-5), certain fact depositions and Rule 30(b)(6) deposition(s) (*id.* at 6), and discovery related to declarants (*id.* at 6-7). The parties will be prepared to discuss their positions on these issues at the status conference.

### B.      Initial Disclosures and Discovery Requests

The parties have exchanged initial disclosures.

Plaintiffs served two interrogatories on Target on February 6, 2026, seeking the identity and contact information for putative class members, among other details. Target responded to plaintiffs' interrogatories on March 25, 2026, by objecting, but also has proposed a process for obtaining class contact information. The parties continue to meet and confer over Target's responses and objections.

The parties intend to serve further discovery requests promptly after the Court resolves the pending disputes over the number of requests for production of documents and interrogatories in this matter.

### III.    Conclusion

The parties thank the Court for its attention to these matters and look forward to addressing any questions the Court may have regarding the status of these cases.

4927-4139-2784

Dated:  June 5, 2026

By: */s/ Rebecca S. Prdovan*
    REBECCA S. PREDOVAN
    (admitted *pro hac vice)*
    MARC S. HEPWORTH
    (admitted *pro hac vice)*
    CHARLES GERSHBAUM
    (admitted *pro hac vice)*
    DAVID A. ROTH
    (admitted *pro hac vice)*
    HEPWORTH GERSHBAUM &
    ROTH, PLLC
    192 Lexington Avenue, Suite 802
    New York, New York 10016
    Telephone: (212) 545-1199
    Facsimile: (212) 532-3801
    marc@hgrlawyers.com
    cgershbaum@hgrlawyers.com
    rpredovan@hgrlawyers.com
    droth@hgrlawyers.com

    SETH R. LESSER
    (admitted *pro hac vice)*
    CHRISTOPHER M. TIMMEL
    (admitted *pro hac vice)*
    JESSICA RADO
    (admitted *pro hac vice)*
    KLAFTER LESSER LLP
    2 International Drive, Suite 350
    Rye Brook, New York 10573
    Telephone: (914) 934-9200
    Facsimile: (914) 934-9220
    seth@klafterlesser.com
    Christopher.timmel@klafterlesser.com
    Jessica.rado@klafterlesser.com

    MICHAEL A. GALPERN
    (admitted *pro hac vice*)
    JAVERBAUM WURGAFT HICKS
    KAHN WIKSTROM & SININS PC
    Laurel Oak Corporate Center
    1000 Haddonfield-Berlin Road

Dated: June 5, 2026

By: */s/ Joseph G. Schmitt*
    JOSEPH G. SCHMITT
    CHRISTOPHER A. AMUNDSEN
    COURTNEY L. BURKS
    NILAN JOHNSON LEWIS PA
    250 Marquette Avenue South, Suite 800
    Minneapolis, Minnesota  55401
    Telephone: (612) 305-7500
    Fax: (612) 305-7501
    jschmitt@nilanjohnson.com
    camundsen@nilanjohnson.com
    cburks@nilanjohnson.com

    JEFFREY D. WOHL
    (admitted *pro hac vice*)
    NILAN JOHNSON LEWIS PA
    398 Primrose Road, Suite 225
    Burlingame, CA 94010
    Phone:  650-437-7042
    Fax:  612-305-7501
    jwohl@nilanjohnson.com

    SARA B. TOMEZSKO (admitted *pro hac vice)*
    DANIEL RICHARDS (admitted *pro hac vice)*
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    Telephone: (212) 318-6000
    Facsimile: (212) 319-4090
    saratomezsko@paulhastings.com
    danrichards@paulhastings.com

*Attorneys for Defendant*
TARGET CORPORATION

6

4927-4139-2784

Suite 203
Vorhees, New Jersey 08043
mgalpern@lawjw.com

RACHHANA T. SREY
NICHOLS KASTER PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-256-3200
srey@nka.com

*Attorneys for Plaintiffs*

7

4927-4139-2784